IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Arthur R. Bell Living Trust<br><br>Plaintiff,<br>v.<br><br>FRANCES ROTWEIN<br><br>and<br><br>BANK OF AMERICA, N.A.<br><br>Defendants | Case No. 1:07-CV-01578<br>Judge: Huvelle, Ellen S.<br>Deck Type: General Civil |

**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER
TO PLAINTIFF ALBERT BELL'S COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Bank of America, N.A. ("Bank of America" or the "Bank") hereby answers the Complaint of Plaintiff Arthur Bell ("Bell") as follows:

**NATURE OF THE ACTION**

1. This paragraph represents Plaintiff's characterization of his action, to which no response is required, but if one is deemed required, the Bank is without knowledge or information sufficient to form a belief as to the truth of the summarized allegations therein, and further responds that it need not answer the legal conclusions contained in this paragraph.

## THE PARTIES

2. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

3. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

4. Bank of America admits that it is a National Bank incorporated under the laws of Delaware and that its corporate headquarters are in North Carolina; the allegation relating to the Bank's principal place of business is a legal conclusion to which no response is required. Bank of America denies the allegation that it is successor to "American Security Trust Co." The Bank answers further and alleges that it is the successor to NationsBank, N.A., which was successor to Security Trust Company, N.A., and, as such, Bank of America had served as the co-personal representative of the estate of Mr. Joseph Rotwein. The remaining allegations in this paragraph are legal conclusions to which no response is required.

5. Bank of America admits, on information and belief, that Ms. Rotwein resides in Maryland, and further admits that she is the widow of the late Mr. Joseph Rotwein and was the other co-personal representative of the estate of Mr. Rotwein. The remaining allegations in this paragraph are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

6. The allegations of this paragraph are legal conclusions to which no response is required.

7. Bank of America admits only that the apartment building referenced throughout the Complaint is located in Washington, D.C.; the remaining allegations of this paragraph are legal conclusions to which no response is required.

## ALLEGATIONS RELEVANT TO ALL COUNTS

8–53. The allegations of paragraphs 8-53 do not involve or relate to Bank of America and therefore require no answer by it. To the extent an answer is deemed required, the Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and further responds that it need not answer the legal conclusions contained in these paragraphs.

54. Bank of America admits the allegations of this paragraph, except that the term "principal legatee" is a characterization of the Last Will and Testament of Joseph Rotwein, the terms of which speak for themselves.

55. Bank of America admits only that it, via its predecessor, was the co-personal representative of Mr. Joseph Rotwein's estate; the remainder of the allegations in this paragraph are legal conclusions to which no response is required.

56. The allegations of this paragraph relating to Ms. Rotwein do not relate to the Bank and therefore no answer to those allegations is required from it. Bank of America admits only that Mr. Rotwein held record title to one third of the 1500 Building and Lot 831 referenced in the complaint at the time of his death, and denies the remaining allegations in this paragraph.

57. Bank of America admits only that on September 28, 1999, in its capacity as co-personal representative of the estate of Mr. Joseph Rotwein, it joined with Ms. Rotwein in executing the deed attached to the Complaint as Exhibit I, which is a legal document, the terms of which speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

58. The allegations of this paragraph do not involve or relate to Bank of America and therefore require no answer by it.

59. The allegations of this paragraph do not involve or relate to Bank of America and therefore require no answer by it.

60. Bank of America denies that it caused Mr. Joseph Rotwein's record title to the 1500 Building to be transferred to itself and Ms. Rotwein as co-personal representatives of the estate of Mr. Joseph Rotwein; rather, the Bank affirmatively alleges that it caused no instrument to be recorded in the Recorder of Deeds Office of the District of Columbia conveying title of Mr. Rotwein's record title to the 1500 Building to Bank of America and Ms. Rotwein as co-personal representatives of the estate of Mr. Joseph Rotwein. Bank of America admits only that the remaining 6.66% record title interest in the 1500 Building was not disbursed. The remaining allegations of this paragraph are legal conclusions to which no response is required.

61. The allegations of this paragraph are legal conclusions to which no response is required.

62-67. The allegations of paragraphs 62-67 do not involve or relate to Bank of America and therefore require no answer by it. To the extent an answer is deemed required, the Bank is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in these paragraphs, and further responds that it need not answer the legal conclusions contained in these paragraphs.

68. Bank of America incorporates here its response to paragraph 60 of the Complaint. Bank of America further answers that it is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in connection with the relationship between Robert Mayer and Sleepy Hollow, or in connection with the matters alleged in the final sentence of this paragraph.

69-104. The allegations of paragraphs 69-104 do not involve or relate to Bank of America and therefore require no answer by it. To the extent an answer is deemed required, the Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and further responds that it need not answer the legal conclusions contained in these paragraphs.

**COUNT I**
**(Declaratory Judgment – Entitlement to Sale Proceeds – Partnership)**

105. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

106-115. The allegations of paragraphs 106-115 do not involve or relate to Bank of America and therefore require no answer by it. To the extent an answer is deemed required, the Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and further responds that it need not answer the legal conclusions contained in these paragraphs.

Count I *ad damnum* clause. This clause contains no factual allegations, and therefore requires no answer by the Bank. Bank of America further answers that, with respect to Plaintiff's prayer for an award of monetary relief, whether as damages, costs,

attorneys' fees, or otherwise, Bank of America understands that Plaintiff is not seeking any such relief from Bank of America in this action, but rather only seeks the Bank's joinder with Ms. Rotwein in conveying the contested interest in the property in question to Plaintiff, and, consequently, Bank of America does not respond to any such prayer for relief on the understanding that no such relief is sought from the Bank.

## COUNT II
### (Declaratory Judgment – Entitlement to Sale Proceeds – Dissolved Partnership)

116.    Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

117.    Bank of America admits only that on September 28, 1999, in its capacity as co-personal representative of the estate of Mr. Joseph Rotwein, it joined with Ms. Rotwein in deeding to Ms. Rotwein a 26.67% interest in the 1500 Building and Lot 831 referenced in the Complaint. The remainder of the allegations in this paragraph are legal conclusions to which no response is required.

118.    The allegations in this paragraph do not relate to Bank of America, and/or are legal conclusions, and therefore, in either case, no response is required.

119.    The allegations in this paragraph are legal conclusions to which no response is required.

Count II *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT III
### (Breach of Fiduciary Duty)

120.    Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

121-133. The allegations in paragraphs 121-133 do not relate to Bank of America, and/or are legal conclusions, and therefore no response is required.

Count III *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT IV
### (Breach of Fiduciary Duty -- Constructive Trust)

134. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

135-141. The allegations in paragraphs 135-141 do not relate to Bank of America, and therefore no response is required.

Count IV *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT V
### (Equitable Estoppel)

142. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

143-149. The allegations in paragraphs 143-149 do not relate to Bank of America, and therefore no response is required.

Count V *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT VI
### (Breach of Contract (Anticipatory))

150. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

151-156. The allegations in paragraphs 151-156 do not relate to Bank of America, and therefore no response is required.

Count VI *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT VII
### (Actual Fraud)

157. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

158-161. The allegations in paragraphs 158-161 do not relate to Bank of America, and therefore no response is required.

Count VII *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT VIII
### (Negligent Misrepresentation)

162. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

163-165. The allegations in paragraphs 163-165 do not relate to Bank of America, and therefore no response is required.

Count VIII *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT IX
### (Breach of Fiduciary Duty – Resulting Trust)

166. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

167-173. The allegations in paragraphs 167-173 do not relate to Bank of America, and therefore no response is required.

Count IX *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

### COUNT X
### (Spoliation)

174. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

175-184. The allegations in paragraphs 175-184 do not relate to Bank of America, and therefore no response is required.

Count X *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

### COUNT XI
### (Conversion)

185. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

186-192. The allegations in paragraphs 186-192 do not relate to Bank of America, and therefore no response is required.

Count XI *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

### COUNT XII
### (Fiduciary Waste)

193. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

194-199. The allegations in paragraphs 194-199 do not relate to Bank of America, and therefore no response is required.

Count XII *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## COUNT XIII
### (Accounting of Recent Distributions)

200. Bank of America incorporates its responses to all of the preceding paragraphs as if fully set forth here.

201-203 The allegations in paragraphs 201-203 do not relate to Bank of America, and therefore no response is required.

Count XIII *ad damnum* clause. Bank of America incorporates its response to the *ad damnum* clause contained in Count I as if fully set forth here.

## GENERAL DENIAL

All allegations set forth in Plaintiff's complaint not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Plaintiff's Complaint and all of the allegations and claims for relief pled therein fail to state a claim against Bank of America for which relief can be granted.

*Second Affirmative Defense*

Plaintiff's claims against Bank of America are barred by the applicable statute(s) of limitations.

*Third Affirmative Defense*

Plaintiff's claims against Bank of America are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

*Fourth Affirmative Defense*

Plaintiff has not been damaged directly, indirectly, proximately, or in any cognizable manner by any act of Bank of America.

*Fifth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate his damages.

*Sixth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

*Seventh Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

*Eighth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

*Ninth Affirmative Defense*

Plaintiff's claims are barred to the extent they should have been made, but were not, during the Bank's administration of the estate of Mr. Joseph Rotwein.

Bank of America reserves the right to amend its answer to plead additional affirmative defenses if subsequent investigation warrants.


Dated:  October 30, 2007                    Respectfully submitted,

                                    By:   /s/ Paul A. Kaplan
                                          Paul A. Kaplan, Esq. (DC Bar No. 243394)
                                          Joseph P. Bowser, Esq. (DC Bar No. 488665)
                                          Womble Carlyle Sandridge & Rice, PLLC
                                          1401 Eye Street, NW, 7th Floor
                                          Washington, DC  20005-2225
                                          Phone: (202) 857-4458

                                    *Counsel for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2007, a true and correct copy of *Defendant Bank of America's Answer to Plaintiff Albert Bell's Complaint* has been served via ECF upon the following counsel of record:

Alan S. Feld, Esq.
BULMAN, DUNIE, BURKE & FELD, CHTD.
4610 Elm Street
Bethesda, MD  20815
(301) 656-1177

And

John H. Ward, Esq.
Autumn L. Sharp, Esq.
MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.
191 N. Wacker Street, Suite 1800
Chicago, IL  60606-1615
(312) 521-2000

*Counsel for Plaintiff Arthur Bell, As Trustee of the Albert R. Bell Living Trust*

Richard T. Rossier, Esq.
Alex Menendzez, Esq.
MCLEOD, WATKINSON & MILLER
One Massachusetts Avenue, Suite 800
Washington, DC  20001
(202) 842-2345

*Counsel for Defendant Frances Rotwein*

                        /s/ Joseph P. Bowser
                            Joseph P. Bowser