## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Albert R. Bell Living Trust )<br><br>Plaintiff, )<br>v. )<br><br>FRANCES ROTWEIN )<br><br>and )<br><br>BANK OF AMERICA, N.A. )<br><br>Defendants. ) | Case No. 1:07-CV-01578<br>Judge: Huvelle, Ellen S.<br>Deck Type: General Civil |

## DEFENDANT FRANCES ROTWEIN'S
## MOTION TO DISMISS THE COMPLAINT

Defendant Frances Rotwein ("Frances Rotwein"), by counsel, and pursuant to Fed. R. Civ P. 12(b)(6), hereby moves to dismiss the complaint filed by Arthur Bell, as Trustee of the Albert Bell Living Trust ("Plaintiff") for failure to state a claim upon which relief may be granted and for violation of Rule 9(b) of the Fed. R. Civ. Proc. More specifically, the grounds for this motion are as follows:

1. Plaintiff's six equitable claims are barred by laches because Frances Rotwein has been prejudiced by Plaintiff's 20-year delay in asserting these claims.

2. The complaint fails to state a claim against Rotwein in her capacity as "former Personal Representative of the Estate of Joseph Rotwein" because (a) Frances Rotwein's three-year term as personal representative of the Joseph Rotwein estate terminated on April 1, 1996, and (b) no claims were brought by the Plaintiff against her when she was serving as personal representative of the estate of

1

Joseph Rotwein, and (c) the one-year statute of limitations on all such claims, D.C. Code Ann. § 20-1303(a), has long since run.

3. The complaint should be dismissed as to all counts based on a breach of fiduciary duty by Frances Rotwein individually because the complaint does not allege facts that show that Frances Rotwein owed a fiduciary duty to Plaintiff.

4. The complaint fails to state a claim for breach of contract and, in any event, the breach of contract claim is barred by the statute of limitations for contract claims, D.C. Code Ann. § 12-301.

5. The complaint fails to state a claim for fraud and, in any event, the complaint fails to plead fraud with particularity as required by Rule 9(b) of the Fed.R. of Civ. Proc.

6. The complaint fails to state a claim for negligent misrepresentation, equitable estoppel, spoliation, or conversion.

These grounds are set forth in greater detail in the attached Memorandum of Points and Authorities. A proposed order is also attached.

### RULE 7-M STATEMENT

On October 29, 2007, Frances Rotwein's counsel Alex Menendez telephoned Plaintiff's counsel, seeking consent for the relief requested. Plaintiff's counsel declined.

Dated: October 30, 2007

Respectfully submitted,

Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C. 20001
Telephone: (202) 842-2345
Facsimile: (202) 408-7763

2

Eric Von Salzen, DC Bar #13482
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  (202) 637-5718
Facsimile:  (202) 637-5910

Arthur F. Konopka, D.C. Bar # 073593
4530 Wisconsin Ave., N.W., Suite 200
Washington, D.C. 20016
Telephone:  (202) 686-0600
Facsimile:  (202) 686-0896

Counsel for Defendant Frances Rotwein

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Albert R. Bell Living Trust<br><br>                    Plaintiff,<br>v.<br><br>FRANCES ROTWEIN<br><br>           and<br><br>BANK OF AMERICA, N.A.<br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No.  1:07-CV-01578<br>Judge:  Huvelle, Ellen S.<br>Deck Type:  General Civil |

### MEMORANDUM OF POINTS AND AUTHORITITES
### IN SUPPORT OF DEFENDANT FRANCES ROTWEIN'S
### MOTION TO DISMISS THE COMPLAINT

Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C.  20001
Telephone:  (202) 842-2345
Facsimile:  (202) 408-7763

Eric Von Salzen, DC Bar #13482
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  (202) 637-5718
Facsimile:  (202) 637-5910

Arthur F. Konopka, D.C. Bar # 073593
4530 Wisconsin Ave., N.W., Suite 200
Washington, D.C. 20016
Telephone:  (202) 686-0600
Facsimile:  (202) 686-0896
Counsel for Defendant Frances Rotwein

# TABLE OF CONTENTS

Page

INTRODUCTION AND SUMMARY ................................................................. 1

ARGUMENT ........................................................................................... 4

    Rule 12(B)(6) Standard ........................................................................ 4

I.    Plaintiff's Equitable Claims are Barred by Laches ................................. 5

II.    Plaintiff's Claims Against Frances Rotwein in Her
Capacity as Former Personal Representative of the Estate
of Joseph Rotwein Fail to State a Claim, and, in any event,
are Barred by the Statute of Limitations ........................................... 8

III.    Plaintiff's Claims Against Frances Rotwein in Her
Individual Capacity for Breach of Fiduciary Duty Fail to
State a Claim and Should be Dismissed ........................................... 11

IV.    Complaint Fails to State a Claim for Breach of Contract
and, in any event, the Breach of Contract Claim is Barred
by the Applicable Statute of Limitations ......................................... 14

V.    Complaint Fails to State a Claim for Fraud and Fails to
Allege Fraud with Particularity Required by Rule 9(B) ...................... 15

VI.    Complaint Fails to State a Claim for Negligent
Misrepresentation ...................................................................... 18

VII.    Complaint Fails to State Claim for Equitable Estoppel ....................... 21

VIII.    Complaint Fails to State Claims for Spoilation and
Conversion ............................................................................... 23

CONCLUSION ..................................................................................... 25

# TABLE OF AUTHORITIES

<u>Page</u>

*Alicke v. MCI Communications Corp.*, 111 F.3d 909 (D.C. Cir. 1997) .........................................18

*Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250 (D.D.C. 2004).....................................16, 18-19

*Arturi v. United States Office Prods. Co. (In re United States Office Prods. Co. Sec. Litig.)*, 251 F. Supp. 2d 58 (D.D.C. 2003)..............................................................................4, 19

*Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)................................................4

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) ...................................................................4

*Avern Trust v. Clarke*, 415 F.2d 1238 (7th Cir. 1969), *cert. denied*, 397 U.S. 963, 90 S.Ct. 997, 25 L.Ed.2d 255 (1970) ...............................................................................................12

*Bennett v. Kiggins*, 377 A.2d 57 (D.C. App. 1977), *cert. denied*, 434 U.S. 1034, 54 L. Ed. 2d 782, 98 S. Ct. 768 (1978) ................................................................................................16

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) ....................................................................4

*Burlington Ins. Co. v. Okie Dokie, Inc.*, 329 F. Supp. 2d 45 (D.D.C. 2004)................................18

*Burman v. Phoenix Worldwide Indus.*, 384 F.Supp.2d 316 (D.D.C. 2005) ................................18

*Cassidy v. Owen*, 533 A.2d 253 (1987)......................................................................................22

*DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990), *cert. denied*, 498 U.S. 941, 112 L. Ed. 2d 312, 111 S. Ct. 347 (1990)................................................................................16

*Duggan v. Keto*, 554 A.2d 1126 (D.C. 1989)..............................................................................24

*Egan v. McNamara*, 467 A.2d 733 (D.C. App. 1983).................................................................12

*Francis v. United Jersey Bank*, 432 A.2d 814 (N.J. 1981)..........................................................13

*General Films, Inc. v. Sanco General Manufacturing Corp.*, 379 A.2d 1042 (N.J. Super. Ct. App. Div. 1977)...........................................................................................................13

<u>*Herbin v. Hoeffel*, 806 A.2d 186 (D.C. 2002)</u> ...........................................................................24

*Higgs v. Higgs*, 472 A.2d 875 (D.C. App. 1984) .......................................................................17

*Holmes v. Amerex Rent-A-Car*, 336 U.S. App. D.C. 359 (D.C. Cir. 1999) .................................24

*Jeanblac v. Oliver Carr Co.*, 1995 U.S.App.LEXIS 19995 (D.C. Cir. June 21, 1995) .............5, 8

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994)...............................4, 16, 19

*Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182 (D.D.C. 2001) ........................3, 6, 20, 23, 24

*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Cheng*, 697 F.Supp. 1224 (D.D.C. 1988)............................................................................................................................................12

*NAACP v. NAACP Legal Def. & Educ. Fund, Inc.*, 753 F.2d 131 (D.C. Cir. 1985)..................5, 8

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002)...................................................................................................................................5

*Phillips v. Bureau of Prisons*, 591 F.2d 966 (D.C. Cir. 1979) ...............................2-3, 6, 20, 23, 24

*Pro-Football, Inc. v. Harjo*, 415 F.3d 44 (D.C.Cir. 2005) ............................................................5

*Smith v. Wash. Metro. Area Transit Auth.*, 1997 U.S. Dist. LEXIS 4504, 1997 WL 182286 (D.D.C. Apr. 4, 1997).......................................................................................................18

*United States ex rel. Joseph v. Cannon*, 642 F.2d 1373 (D.C. Cir. 1981)....................................17

*United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251 (D.C. Cir. 2004)........................................................................................................................................16, 17

Statutes

D.C. Code Ann. § 12-301 ...........................................................................................................3, 15

D.C. Code Ann. § 42-401 ..................................................................................................................7

D.C. Code Ann. § 20-1301 ...........................................................................................................8, 9

D.C. Code Ann. § 20-1303(a).........................................................................................................10

*Fed. R. Civ. P.* 12(b) (6) .................................................................................................................4

*Fed. R. Civ. P.* 9(b) .......................................................................................................................16

Other Authorities

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357, at 347-48 (2d ed. 1990).............................................................................4

Black's Law Dictionary 634 (4th ed. 1968) ..................................................................................5

Restatement 2d of Torts § 22A........................................................................................................24

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Albert R. Bell Living Trust<br><br>        Plaintiff,<br>v.<br><br>FRANCES ROTWEIN<br><br>        and<br><br>BANK OF AMERICA, N.A.<br><br>        Defendants | Case No.  1:07-CV-01578<br>Judge:  Huvelle, Ellen S.<br>Deck Type:  General Civil |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FRANCES ROTWEIN'S MOTION TO DISMISS THE COMPLANT

Defendant Frances Rotwein ("Frances Rotwein"), by counsel, submits this memorandum of points and authorities in support of her motion to dismiss the complaint filed by Arthur Bell, Trustee of the Albert R. Bell Living Trust ("Plaintiff").

## INTRODUCTION AND SUMMARY

Plaintiff's complaint asserts 13 separate claims for relief, including six equitable claims and seven legal claims.  The six equitable claims asserted are two declaratory judgment claims (Counts 1 and 2), a constructive trust claim (Count 4), an equitable estoppel claim (Count 5), a resulting trust claim (Count 9), and an accounting claim (Count 13).  The seven legal claims are a breach of fiduciary duty claim (Count 3), an anticipatory breach of contract claim (Count 6), a fraud claim (Count 7), a negligent misrepresentation claim (Count 8), a spoliation claim (Count 10), a conversion claim (Count 11), and a fiduciary waste claim (Count 12).

Plaintiff's complaint is based on a contention that Albert R. Bell holds a fee simple interest as a tenant in common in certain real property by reason of an assignment to him from Joseph Rotwein (the deceased husband of the defendant Frances Rotwein). The complaint acknowledges, however, that the "assignment" was never recorded by Albert Bell, and indeed was never even delivered to Albert Bell by Joseph Rotwein. The complaint further acknowledges that in July 1987, Joseph Rotwein advised Albert Bell in writing that the "assignment" was deliberately not delivered to Albert Bell, because it was not intended that Albert Bell would have any "direct rights" in the property as a tenant in common; Albert Bell was intended only to have "derivative rights". A copy of Joseph Rotwein's July 27, 1987 letter to Albert R. Bell (the "Rotwein Letter") and Albert R. Bell's July 20, 1987 letter to Joseph Rotwein (the "Bell Letter")(to which Joseph Rotwein was responding) are attached as Exhibit A and incorporated herein by reference.[1]

Therefore, Albert Bell was put on notice in July 1987 by Joseph Rotwein that the non-delivery of the original assignment was intentional, and that Albert Bell did not have any direct rights in the property as a tenant in common. However, Albert R. Bell and his successor in interest did nothing for over twenty years to assert his claim of ownership of the property by reason of the undelivered assignment. Therefore, Plaintiff's six equitable claims are barred by the doctrine of laches (Counts 1 (declaratory judgment), 2 (declaratory judgment), 4 (constructive trust), 5 (equitable estoppel), 9 (resulting trust), and 13(accounting)). Those claims should be dismissed.

Joseph Rotwein died in 1991, and his widow Frances Rotwein was designated as the Personal Representative of his Estate (along with defendant Bank of America). Al-

---

[1]  As discussed in greater detail below, this Court may take judicial notice of this correspondence in connection with deciding this Motion to Dismiss. *See Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C.

bert Bell made no claim against the Personal Representatives while the Estate was open, and the appointment of both personal representatives expired many years ago. Therefore, all claims asserted against Frances Rotwein in her capacity as a "former co-personal representative of the estate of Joseph Rotwein, deceased," Complaint at 1, should be dismissed because the statute of limitations for such claims has run and because she has been discharged from serving as a personal representative of the estate and cannot be sued in her capacity as a "former personal representative."

Furthermore, Counts 7 (fraud), 8 (negligent representation), 10 (spoliation) and 11 (conversion) of the complaint fail to meet the pleading standards for such causes of action and should also be dismissed for failure to state a claim. The four breach of fiduciary claims asserted against Frances Rotwein individually (Count 3 (breach of fiduciary duty), Count 4 (breach of fiduciary duty –constructive trust), Count 9 (breach of fiduciary duty – resulting trust), and Count 12 (fiduciary waste)) should be dismissed for failure to state a claim because Frances Rotwein, individually, owes no fiduciary duty to Plaintiff.

Finally, Count 6 for anticipatory breach of contract should be dismissed because the complaint shows that if the contract on which Plaintiff relies ever existed, it was unequivocally repudiated by Joseph Rotwein in 1987. Because Plaintiff has failed to file suit to assert its claims in connection with this alleged contract for over 20 years, the statute of limitations on contract claims bars it from doing so now.

For all of these reasons, this motion should be granted and the entire complaint dismissed with prejudice.

---

Cir. 1979); *Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001).

## ARGUMENT

### Rule 12(B)(6) Standard

A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. Fed. R. Civ. P. 12(b) (6). *Arturi v. United States Office Prods. Co. (In re United States Office Prods. Co. Sec. Litig.)*, 251 F. Supp. 2d 58 (D.D.C. 2003). In deciding such a motion, the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996). The court need not, however, accept as true legal conclusions cast as factual allegations. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).   Moreover, the Court also need not accept inferences drawn by plaintiff in the complaint if such inferences are unsupported by the facts set out in the complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d at 1275).

Where a complaint fails to meet the liberal standards of Rule 12(b)(6), it should be dismissed.  *Browning v. Clinton,* 292 F.3d at 243-44; *Kowal v. MCI Communications Corp.*, 16 F.3d at 1277-78; 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357, at 347-48 (2d ed. 1990) (explaining that Rule 12(b)(6) dismissal is appropriate where the allegations contradict the claim asserted, e.g., where the allegations in an action for negligence showed that the plaintiff's own negligence was the sole proximate cause of the injury).

### I.    PLAINTIFF'S EQUITABLE CLAIMS ARE BARRED BY LACHES

Equity aids the vigilant and not those who procrastinate regarding their rights.  A party's neglect in asserting a claim that, together with lapse of time, prejudices the ad-

verse party will constitute a bar to the delaying party being permitted to pursue that claim. Black's Law Dictionary 634 (4th ed. 1968).

As the U.S. Court of Appeals for the District of Columbia Circuit has held, laches is an equitable doctrine that is "founded on the notion that equity aids the vigilant and not those who slumber on their rights." *Pro-Football, Inc. v. Harjo,* 415 F.3d 44, 47 (D.C.Cir. 2005) (quoting *NAACP v. NAACP Legal Def. & Educ. Fund, Inc.*, 753 F.2d 131, 137 (D.C. Cir. 1985)). This defense "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Pro-Football, Inc. v. Harjo,* 415 F.3d at 47) (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 121-22, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002) (internal quotation marks omitted)). Among the inequities that the doctrine of laches protects against is the loss of pertinent evidence. *See NAACP v. NAACP Legal Defense & Educ. Fund, Inc.,* 753 F.2d at 137, *cert. denied,* 472 U.S. 1021, 87 L. Ed. 2d 623, 105 S. Ct. 3489 (1985); *see also Jeanblac v. Oliver Carr Co.,* 1995 U.S.App.LEXIS 19995 (D.C.Cir. June 21, 1995).

The facts alleged in the complaint (and as appropriately supplemented by the Rotwein Letter (attached as Exhibit A)) establish the factual basis for the application of the doctrine of laches here. In 1956, when Plaintiff alleges that Albert Bell received an "assignment" of an interest in the subject property, there were three record owners of the subject property -- Joseph Rotwein, Martin Bell (Albert Bell's brother), and Lester Ableson, each of whom owned an undivided one-third interest in the property as a tenant in common. Complaint ¶ 9. Martin Bell died in November 1986. Complaint ¶ 38. When, in February 1987, Martin Bell's secretary was going through Martin Bell's papers, "she came across the original assignment documents" from Joseph Rotwein to Albert Bell and

to Robert Mayer.  Complaint ¶ 39.   When Martin Bell's secretary asked Joseph Rotwein what to do with the assignment documents, he instructed her to give them to him and she did so.  *Id.*

When Albert Bell subsequently learned about this, he sent Joseph Rotwein the Bell Letter dated July 20, 1987 in which he stated that Martin Bell had been "holding the document for me and since it belongs to me I would appreciate your forwarding it to me." Complaint ¶ 42.   Joseph Rotwein promptly responded to the Bell Letter on July 27, 1987, and Plaintiff makes reference to the Rotwein Letter in his complaint.  Complaint  ¶¶ 43-44.  Plaintiff, however, decided not to attach a copy of the Rotwein Letter to his complaint, despite attaching a huge volume of other documents including the Bell Letter.

Because of its importance to the case, however, a copy of the Rotwein Letter is attached as Exhibit A and incorporated herein by reference. This Court may take judicial notice of this correspondence in connection with deciding Frances Rotwein's Motion to Dismiss, and Frances Rotwein respectfully requests that it do so. *See Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979); *Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001).

In his 1987 Rotwein Letter, Joseph Rotwein said that, contrary to what Albert Bell had asserted, "Marty was not holding the original document for you."  Joseph Rotwein also said, "The understanding was that persons holding under him and me would have only derivative rights rather than direct rights as tenants in common.  That is the basis upon which operations were carried on for thirty years and explains why there was deliberately no delivery to you of the original of the document."   Exhibit A (emphasis

6

added).[2] Joseph Rotwein explained that he would deliver the original assignment to Albert Bell if Bell would execute a manager's agreement which accomplished the same result as withholding delivery. Exhibit A. Albert Bell never executed such a manager's agreement.

While the Rotwein Letter put Albert Bell on notice over 20 years ago that Albert Bell did not have direct ownership of the subject property but instead only had "derivative rights," Albert R. Bell and his successor in interest -- the Plaintiff -- did nothing for over 20 years to assert their claim to having a full ownership interest in the subject property. Their over 20-year delay in the assertion of a right to an ownership interest in the leasehold interest in the 1500 Massachusetts Avenue Building, Lot 831, and Lot 832 establishes the first element of Frances Rotwein's laches defense.

During that period of silence of over 20 years, a key party to the original 1956 transaction and to the 1987 exchange of correspondence passed away – Joseph Rotwein. Joseph Rotwein is now unavailable to explain the nature of the transaction with Albert Bell in 1956 or the purpose for not delivering the "assignment" to Albert Bell. Without Joseph Rotwein's evidence and testimony, Frances Rotwein would be severely prejudiced if required to respond to Plaintiff's belated claim that Albert Bell and his successors are entitled to full ownership of an interest in the subject property. Just such loss of essential testimony is precisely the kind of prejudice against which the doctrine of laches was intended to protect. *See NAACP v. NAACP Legal Defense & Educ. Fund, Inc.,* 753 F.2d at

---

[2] Delivery of the instrument is necessary in order to transfer ownership of real property in the District of Columbia. *See generally* D.C. Code Ann. § 42-401 ("Any deed conveying real property in the District, or interest therein, or declaring or limiting any use or trust thereof, executed and acknowledged and certified as provided in §§ 42-101, 42-121 to 42-123 [repealed], 42-306, and 42-602 <u>and delivered to the person in whose favor the same is executed</u>, shall be held to take effect from the date of the delivery thereof . . . .") (emphasis added).

137 (among the inequities that the doctrine of laches protects against is the loss of perti-

nent evidence); *see also Jeanblac v. Oliver Carr Co., supra* (among the inequities that the

doctrine of laches protects against is the loss of pertinent evidence).

Because of the substantial prejudice that Frances Rotwein will suffer as a result of

the 20-year delay by Albert Bell/Plaintiff in bringing these claims, this Court, as a court

of equity, should dismiss Plaintiff's equitable claims because they are barred by laches.

II.    **PLAINTIFF'S CLAIMS AGAINST FRANCES ROTWEIN IN HER CA-
       PACITY AS FORMER PERSONAL REPRESENTATIVE OF THE ES-
       TATE OF JOSEPH ROTWEIN FAIL TO STATE A CLAIM AND, IN ANY
       EVENT, ARE BARRED BY THE STATUTE OF LIMITATIONS**

The complaint alleges that Frances Rotwein was the personal representative of the

estate of Joseph Rotwein (Complaint at ¶ 54) and that her appointment as personal repre-

sentative of the estate was terminated (Complaint at ¶ 61). Under the applicable D.C

Code and/or common law, the legal status of a "former personal representative" is not

recognized, and there is no legal mechanism for the Plaintiff to maintain a cause of action

against Frances Rotwein for her conduct or actions as a "former personal representative."[3]

Therefore, those counts of the complaint that purport to assert a claim against Frances

Rotwein as a "former person representative" fail to state a claim and should be dismissed.

To the extent the Plaintiff seeks to bring any cause of action against Defendant

Rotwein for her actions while she was the personal representative for the estate of Joseph

Rotwein, those claims are time barred and should be dismissed.

The facts alleged by Plaintiff establish that:

1.      Joseph Rotwein passed away on December 28, 1991 (Complaint ¶ 54);

---

[3] The only legal mechanism available to bring an action against a personal representative for his or her con-
duct as a personal representative whose appointment has been terminated is to do so within the applicable
limitations period as set forth in the D.C. Code Ann. § 20-1301(a). Later in this section, we demonstrate that
Plaintiff cannot sustain a cause of action via this avenue because the statute of limitations has run.

2.      The administration of the estate of Joseph Rotwein is closed (Complaint ¶¶ 61, 66); and

3.      The appointment of Defendant Rotwein as personal representative of the estate of Joseph Rotwein was terminated (Complaint ¶ 61).

Frances Rotwein was appointed as a co-personal representative of the Joseph Rotwein estate effective in the District as of the date of first publication of the Estate of Joseph Rotwein in the District on April 1, 1993 in Estate File Case No. 93-0059 in the Probate Division of the Superior Court of the District of Columbia. Frances Rotwein respectfully requests that this Court take judicial notice of the date of her appointment as a co-Personal Representative in this matter. For purposes of determining the applicable statute of limitations, the key question is when was Frances Rotwein's appointment as personal representative terminated? The termination of the appointment of a Personal Representative is covered by D.C. Code Ann. § 20-1301(c), which provides in pertinent part:

> (c) Unsupervised administration; automatic termination of appointment.—If no Certificate of Completion is filed by a personal representative in an unsupervised administration, then the appointment of the personal representative **shall terminate automatically on the date which is 3 years after the appointment of the personal representative**, or on the later expiration of any extension of the appointment granted by the Court.

(emphasis added). Therefore, as a matter of law, Frances Rotwein's appointment as personal representative of the estate of Joseph Rotwein terminated on the third anniversary of her appointment.   In that her appointment took effect April 1, 1993, it was terminated

effective on the third anniversary of her appointment or on April 1, 1996.[4]  The applica-

ble law governing actions against a personal representative of an estate states as follows:

> (a) Proceedings against personal representative. -- **Unless otherwise barred, any claim of personal liability against a personal representative, except for fraud, and except as provided in section 20-736, shall be barred one year from the date of distribution of all the assets and satisfaction of all known claims against the estate**. Unless shown by the personal representative to be earlier, the date of such distribution and satisfaction in an unsupervised administration shall be deemed to be the date of the filing of the Certificate of Completion or, if none, **3 months after the termination of the appointment of the personal representative**.

D.C. Code Ann. § 20-1303(a) (emphasis added). In the instant action, because there was

no Certificate of Completion filed, the one-year statute of limitations period began to run

on July 1, 1996, i.e., three months after the termination Francis Rotwein's appointment as

personal representative of Joseph Rotwein's estate -- and ended on July 1, 1997.  Plaintiff

filed his Complaint on September 5, 2007, well over 10 years after the statute of limita-

tions had run.  The applicable statute of limitations bars all claims asserted against Fran-

ces Rotwein for her actions as a personal representative of the estate of Joseph Rotwein,

and all such claims should be dismissed with prejudice.

### III.    PLAINTIFF'S CLAIMS AGAINST FRANCES ROTWEIN IN HER INDI-VIDUAL CAPACITY FOR BREACH OF FIDUCIARY DUTY FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED

Plaintiff asserts four claims against Frances Rotwein in her individual capacity al-

leging that she breached a fiduciary duty she allegedly owed to Plaintiff.  Plaintiff alleges

a breach of fiduciary duty claim (Count 3), a breach of fiduciary duty – constructive trust

claim (Count 4), a breach of fiduciary duty – resulting trust claim (Count 9), and a fiduci-

ary waste claim (Count 12).  Plaintiff alleges, as follows:

---

[4] The Complaint appropriately does not allege that the appointment of Frances Rotwein was extended by the probate court.

As the widow of Joseph Rotwein, and as his former co-Personal Representative, Frances Rotwein is successor in interest to Joseph Rotwein. As successor in interest she succeeded to the duty to discharge the same fiduciary duties that her late husband had towards Albert Bell, and owes the same duty to Plaintiff as Albert Bell's successor in interest.

Complaint ¶ 127. Similar allegations are made with respect to the other breach of fiduciary duty counts alleged in the complaint. Complaint ¶¶ 139, 170, 194-196.

Plaintiff does not, however, allege any facts that imposed on Frances Rotwein, in her individual capacity, any fiduciary duties with respect to Albert Bell or Plaintiff. She simply inherited from her deceased spouse his interest in the leasehold estate at 1500 Massachusetts Avenue, N.W., Washington, D.C. (the "1500 Building"), his fee simple interest in Lot 132, and his fee simple interest in Lot 131. That inheritance did not impose a fiduciary duty on her with respect to Plaintiff and, as noted above, she has long since been discharged as the personal representative of the estate of her deceased spouse, so she owed no fiduciary duty whatsoever to Plaintiff since her discharge.

Plaintiff's allegations establish – at most -- that Joseph Rotwein owed a fiduciary duty to Albert Bell. The complaint alleges that Joseph Rotwein assured Albert Bell that he would "protect Albert Bell's interests and account to him for the principal and income of his investment." Complaint ¶ 20. Plaintiff also asserts the factually unfounded assertion of law that "[t]he ownership arrangement between the Assignees and their assignors created a fiduciary obligation." Complaint ¶ 26. Plaintiff also alleges that "Joseph Rotwein was in a position of dominance over Albert Bell." Complaint ¶ 121. Plaintiff further alleges that Joseph Rotwein "held himself out to Albert Bell as someone Albert Bell should trust and rely upon to hold and protect the document evidencing his ownership interest in the 1500 Building . . . ." and that "[Joseph] Rotwein held himself out as a fidu-

ciary to Albert Bell, inducing him to trust and rely on Rotwein to hold and protect his as-
signed interest in the 1500 Building."  Complaint ¶ 122.

Assuming *arguendo* that at some point in time Joseph Rotwein owed a fiduciary
duty to Albert Bell, a legal assertion that Frances Rotwein vigorously contests, there is
nothing in the complaint to suggest that Frances Rotwein, as the person who inherited
Joseph Rotwein's interest in the subject property, thereby automatically inherited as well
a fiduciary duty allegedly owed by Joseph Rotwein to Albert Bell.

It is well settled that the existence, as well as the scope, of a fiduciary duty de-
pends on the factual nature of the relationship.  *Merrill, Lynch, Pierce, Fenner & Smith,
Inc. v. Cheng*, 697 F.Supp. 1224, 1226 (D.D.C. 1988).   Existence of a fiduciary relation-
ship is a question of fact, with the court asking whether a relationship of trust and confi-
dence existed between the parties.  *Id.* (citing *Avern Trust v. Clarke,* 415 F.2d 1238,
1239-40 (7th Cir. 1969), *cert. denied*, 397 U.S. 963, 90 S.Ct. 997, 25 L.Ed.2d 255
(1970)); *see also Egan v. McNamara,* 467 A.2d 733, 738-739 (D.C. App. 1983) (holding,
after examining the facts, that an attorney owed his fiduciary duty to the corporation that
retained him, not to a stockholder who was party to a buy-sell agreement involving the
corporation).

Here, all of Plaintiff's allegations concerning fiduciary duty go to Joseph Rotwein,
not Frances Rotwein.  The only allegation that Frances Rotwein in her individual capacity
owed a fiduciary duty to Plaintiff is based solely on the fact that she inherited Joseph
Rotwein's interest in the subject property.  Complaint ¶ 127 ("As the widow of Joseph
Rotwein, and as his former co-Personal Representative, Frances Rotwein is successor in
interest to Joseph Rotwein.  As successor in interest, she succeeded to the duty to dis-

charge the same fiduciary duties that her late husband had towards Albert Bell . . . .")

That, standing alone, does not establish a fiduciary duty or a fiduciary relationship.

Indeed, in *General Films, Inc. v. Sanco General Manufacturing Corp.,* 379 A.2d

1042, 1043 (N.J. Super. Ct. App. Div. 1977),[5] the court held that while a person who ac-

tively acted as a broker in a transaction owed a fiduciary duty to the other party in connec-

tion with the transaction, his spouse, who was also a principal of the defendant brokerage

but who was only a figurehead in the corporation and not an active participant, did not

owe a fiduciary duty to the other party. The *General Films* court stated, "[The trial court]

further held that Sandra Galuten could in no event be liable, having been only a figure-

head in the corporation, and not an active participant. We agree with the latter holding . .

. . " *Id.* Here, the facts are even stronger in favor of Frances Rotwein that she owed no

fiduciary duty to Plaintiff in her individual capacity.

Because there was no fiduciary duty owed by Frances Rotwein to Plaintiff, the

four counts of the complaint explicitly premised on a breach of her fiduciary duty to

Plaintiff must be dismissed.

## IV.  COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CON-TRACT AND, IN ANY EVENT, THE BREACH OF CONTRACT CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

In Count 6 of the complaint, Plaintiff alleges that Frances Rotwein has anticipa-

torily breached an oral contract allegedly made in 1956 to pay Albert Bell a 10% interest

in the proceeds of sale when Joseph Rotwein sold his one-third interest in the 1500 Build-

---

[5] The holding in this case was subsequently disapproved in *Francis v. United Jersey Bank*, 432 A.2d 814, 826 (N.J. 1981) to the extent that the case supported the proposition that directors are not liable unless they actively participate in the conversion of trust funds. We, however, are citing it outside of the corporate di-rector context, and therefore its reasoning and rationale remain fully applicable.

ing.  Complaint ¶ 151.[6]  Putting to the side the obvious substantial statute of fraud issues

in connection with this allegation, this allegation fails to state a claim against Frances

Rotwein in her individual capacity because it does not assert that she was or is a party to

that alleged oral agreement and, in any event, she is not alleged to be an owner of that

percentage interest in the 1500 Building.

     To the contrary, Plaintiff alleges that the percentage interest to which Albert Bell

claims ownership is held in the Estate of Joseph Rotwein and is not held by Frances Rot-

wein individually (and as noted above her term of office as personal representative of the

estate has long since expired).  Complaint ¶ 60 ("the balance [of the Joseph Rotwein in-

terest in the subject property], actually owned by Albert Bell and by Robert Mayer's suc-

cessor, 'Sleepy Hollow LLC', remains undispersed (sic) . . . ")  While Plaintiff asserts

that this "balance" of the subject property "is being held by BOA and Frances Rotwein as

fiduciaries for Albert Bell and the successor of Robert Mayer," Complaint ¶ 60, that legal

conclusion is twice wrong.

     First, as Plaintiff elsewhere in the same paragraph alleges, the "balance" of the

estate of Joseph Rotwein remains "undispersed."  Second, as shown above, Frances Rot-

wein is no longer the personal representative of the estate, her term of office having ex-

pired, and thus owes no duty to anyone with regard to the *res* that is in dispute.  Accord-

ingly, Count 6 fails to state a claim against Frances Rotwein.  Moreover, Count 6 is also

barred by the statute of limitations on contract claims.  Count 6 is premised on Plaintiff's

claim that he is entitled to an "ownership" interest in the subject property.  He claims to

be contractually entitled to that ownership interest.  At least by the July 1987 exchange of

---

[6]  In this regard, it should be noted that what Joseph Rotwein was a record owner of in 1956, when the sub-
ject assignment was executed, was not the fee simple of 1500 Massachusetts Avenue, but only a leasehold

correspondence between Albert Bell and Joseph Rotwein, it was clear that Joseph Rotwein denied that claim of ownership, stating both that Martin Bell was not holding the original assignment for Albert Bell and that Mr. Bell's rights in connection with the subject property were derivative rights only.  Exhibit A, attached.

If Joseph Rotwein made and then breached an oral contract to grant an "ownership" interest to Albert Bell to the extent of 10% of Joseph Rotwein's interest in the subject property, that alleged oral contract was breached, if at all, in July 1987.  Actions for breach of contract must be filed within three (3) years of the date the cause of action arises.  D.C. Code Ann. § 12-301.  Even if Plaintiff were making a claim against Joseph Rotwein, the claim would come some 17 years too late.

But Plaintiff seeks to avoid the statute of limitations by purporting to sue Frances Rotwein as Joseph Rotwein's heir.  The Complaint, however, does not, and cannot, allege that Frances Rotwein made any contract with Albert Bell or his successor, and she cannot be sued for breaching a non-existent contract.  This claim should therefore be dismissed.

## V.    COMPLAINT FAILS TO STATE A CLAIM FOR FRAUD AND FAILS TO ALLEGE FRAUD WITH PARTICULARITY REQUIRED BY RULE 9(B)

Plaintiff alleges that he "now believes that, after Rotwein's death, some person who was a member of his family or employed by a member of his family, secretly destroyed or secreted the original" assignment from Joseph Rotwein to Albert Bell.  Complaint ¶¶ 158.  On the basis of this unfounded speculation, Plaintiff accuses Frances Rotwein of fraud.  These unsupported suspicions do not come even close to alleging the elements of a fraud claim and utterly fail to plead fraud with the specificity required by Rule 9(b).

---

interest in the apartment building at that location.  Complaint ¶¶ 8-13.

To properly plead a claim for fraud, plaintiff must allege each applicable element of fraud: (1) a false representation; (2) concerning a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) upon which reliance is placed. *See Bennett v. Kiggins*, 377 A.2d 57, 59-60 (D.C. App. 1977), *cert. denied*, 434 U.S. 1034, 54 L. Ed. 2d 782, 98 S. Ct. 768 (1978). A review of the complaint establishes that Plaintiff has failed to state a claim for fraud and has failed to plead his fraud claim with the required specificity. Federal Rule of Civil Procedure Rule 9(b) requires that "the circumstances constituting fraud or mistake … be stated with particularity." Fed. R. Civ. P. 9(b). In other words, Rule 9(b) requires that the pleader provide the "who, what, when, where, and how" with respect to the circumstances of the fraud. *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250 (D.D.C. 2004) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941, 112 L. Ed. 2d 312, 111 S. Ct. 347 (1990) (requiring the pleader to provide the equivalent of a "first paragraph of any newspaper story")).

A pleading subject to Rule 9(b) scrutiny may not rest on information and belief. It must include an allegation that the necessary information lies within the opponent's control, accompanied by a statement of the facts on which the pleader bases his claim. *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. at 253 (citing *Kowal v. MCI Communications, Corp.*, 16 F.3d at 1279 n.3). To that end, a complaint must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251 (D.C. Cir. 2004) (*citing Kowal v. MCI Communications, Corp.*, 16 F.3d at 1278; *quoting United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981). Moreover, it is also requires "pleaders to identify individu-

als allegedly involved in the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co., supra* (citing *Joseph v. Cannon*, 642 F.2d at 1385-86).

The purposes behind the pleading requirements of Rule 9(b) were explained by the Court in *United States ex rel. Williams v. Martin-Baker Aircraft Co. which* stated that:

> Rule 9(b)'s particularity requirement serves several purposes. It discourages the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude…. And because 'fraud' encompasses a wide variety of activities, the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response.

*United States ex rel. Williams v. Martin-Baker Aircraft Co., supra* (citing *Joseph v. Cannon*, 642 F.2d at 1385 (footnotes omitted)).

That Plaintiff "now believes" that "some person who was a member of [Joseph Rotwein's] family or employed by a member of his family" "secretly destroyed or secreted" the assignment is wholly insufficient to properly plead a cause of action for fraud. Plaintiff has not alleged the circumstances of the fraud with particularity, provides no indication of how the fraud was perpetrated, who committed the alleged fraud, or when the fraud occurred. Moreover, there are neither specifics in the complaint concerning the alleged fraud nor an allegation of conspiracy to defraud. *See Higgs v. Higgs,* 472 A.2d 875, 877 (D.C. App. 1984).

Rule 9(b) stands for the proposition that an allegation of fraud is a very serious matter, that a claim of fraud is not to be alleged lightly or cavalierly. A fraud allegation may not be based on a whim or a suspicion of wrongdoing. Rather, the facts of the fraud must be pled with particularity and may not be based on guesswork and supposition. Because the allegations of the complaint fail to state a fraud claim and fall well short of compliance with the heightened pleading standards of Rule 9(b), this count of the complaint must be dismissed.

## VI.    <u>COMPLAINT FAILS TO STATE CLAIM FOR NEGLIGENT MISREP-RESENTATION</u>

Plaintiff claims that Frances Rotwein "negligently failed to make" a disclosure

that "she had or would contend she had no record of his title in the 1500 Building." Com-

plaint at ¶ 164 ("Alleged Omissions"). This allegation, along with the other factual alle-

gations in the Complaint, even if taken as true, fails to allege facts sufficient to establish a

claim for negligent misrepresentation under District of Columbia law.

To establish a claim of negligent misrepresentation under District of Columbia

law, the plaintiffs must allege that:

    (1) defendants made a false statement or omission of a fact;
    (2) the statement was a violation of a duty to exercise reasonable care;
    (3) the false statement or omission involved a material issue;
    (4) plaintiffs reasonably relied to their detriment on the false information; and
    (5) defendants' challenged conduct proximately caused injury to the plaintiffs.

*Burlington Ins. Co. v. Okie Dokie, Inc.*, 329 F. Supp. 2d 45, 48 (D.D.C. 2004); *Burman v.*

*Phoenix Worldwide Indus.*, 384 F. Supp. 2d 316 (D.D.C. 2005). In addition, as with fraud

claims under Rule 9(b), negligent misrepresentation claims must adequately and specifi-

cally allege all of the required elements. *Alicke v. MCI Communications Corp.*, 111 F.3d

909, 912 (D.C. Cir. 1997) (applying District of Columbia law to dismiss claims of fraud

and negligent misrepresentation); *Smith v. Wash. Metro. Area Transit Auth.*, 1997 U.S.

Dist. LEXIS 4504, 1997 WL 182286, at  (D.D.C. Apr. 4, 1997). To that end, failure to

satisfy the pleading requirements of Rule 9(b) would be fatal to negligent misrepresenta-

tion claim. *See Anderson v. USAA Cas. Ins. Co.*, *supra*; *Arturi v. United States Office*

*Prods. Co. (In re United States Office Prods. Co. Sec. Litig.)*, 251 F. Supp. 2d 58, 74, fn.9

(D.D.C. 2003). Also, in the commercial context, not only must the plaintiffs plead rea-

sonable reliance, but the plaintiffs must plead reliance that is objectively reasonable. *Id.*

18

Plaintiff fails to satisfy any of these requirements. Most fundamentally, Plaintiff fails to establish that Frances Rotwein had any duty to disclose any information to Albert Bell or his successor. Plaintiff claims that Frances Rotwein owed a duty of care because she is a "successor in interest" to Joseph Rotwein, but merely succeeding to an ownership interest in land cannot impose any such legal obligation nor associated duty of care, and thus it cannot support the basis of a claim for negligent misrepresentation on these grounds. See *Kowal v. MCI Communications Corp.*, *supra* (in considering a motion to dismiss the court need not accept as true legal conclusions cast as factual allegations).

Furthermore, although Plaintiff claims that he "had no knowledge" that he had no title to the property (Complaint ¶ 165) the other allegations in the complaint establish that Plaintiff knew that Joseph Rotwein denied having transferred title to Albert Bell. Thus, the Complaint alleges that:

1.  In July 1987 Joseph Rotwein in the Rotwein Letter told Albert Bell that Mr. Bell did not have title to the 1500 Building. In addition, Joseph Rotwein refused to give the original assignment to Mr. Bell because Joseph Rotwein did not want to create issues relating to the title of the property. Complaint ¶ 41-42.

2.  Moreover, Plaintiff references the Bell Letter in ¶ 41 of the Complaint which Albert Bell sent to Joseph Rotwein in July 1987 requesting the original assignment.

3.  In response to that letter, Joseph Rotwein sent the Rotwein Letter in which he put Albert Bell on notice that he had only "derivative rights" and not "direct rights as tenants in common" in the 1500 Building.

4.   Additionally, the Rotwein Letter states that this "is the basis upon which

operations were carried on for thirty years and explains why there was

deliberately no delivery to you of the original document."

*See* Rotwein Letter (attached as Exhibit A)*; see also Phillips v. Bureau of Prisons*, 591

F.2d at 969; *Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d at 186 (while the court must

generally limit its review to facts alleged within the complaint, the court may also con-

sider facts of which judicial notice may be taken and documents that are both referenced

in the complaint and central to the plaintiff's claim.).

  Thus, Albert Bell knew since 1987 that his claim to title in the 1500 Building was,

at the very least, in dispute.  This means:

1.   The Alleged Omissions by Frances Rotwein were not material be-

cause Albert Bell had been told by Joseph Rotwein in 1987 that

Albert Bell **did not have** any ownership right in the 1500 Building;

2.   Any reliance on the Alleged Omissions, as alleged, was unreason-

able because Plaintiff was fully aware that Joseph Rotwein un-

equivocally asserted in 1987 that Plaintiff **did not have** title in the

1500 Building, and it would not be reasonable for Plaintiff to be-

lieve that Frances Rotwein would grant him an interest that her de-

ceased husband had denied;

3.   Any reliance on the Alleged Omission, as alleged, were not detri-

mental to the Plaintiff because, once again, Plaintiff was fully

aware of the fact that it had always been Joseph Rotwein's position

that Albert Bell did not have title in the 1500 Building; and

4.      Plaintiff could not have been proximately injured by Frances Rotwein's Alleged Omissions, as alleged, since any injury Plaintiff could claim would have been known to Albert Bell, based on the allegations of the complaint, no later than July 27, 1987 -- well before the obligation, as alleged by Plaintiff in the complaint, on the part of Frances Rotwein to make certain disclosures to Plaintiff.

Because the complaint fails to state a claim for negligent misrepresentation, this count should be dismissed.

## VII.  COMPLAINT FAILS TO STATE CLAIM FOR EQUITABLE ESTOPPEL

Plaintiff alleges in Count 5 that Frances Rotwein should be equitably estopped from demanding that Plaintiff show "record title" in the subject property and be estopped from "refusing to acknowledge the Trust's equitable one thirtieth interest in [the] 1500 Building and Lot 831." Complaint ¶ 149. These allegations, that are, in fact, actually allegations against Joseph Rotwein and not Frances Rotwein, fail to allege the necessary elements of equitable estoppel. Count 5 for equitable estoppel should, therefore, be dismissed.

To properly plead a claim for equitable estoppel, Plaintiff must allege each applicable element as follows:

(1) The conduct amounts to a false representation or concealment of material fact;

(2) That was made with actual or constructive knowledge of the true facts;

(3) With the intention that another person acts in reliance upon it;

(4) The other person's lack of knowledge concerning the truth of the representations and his reliance upon the misrepresentation;

(5) Causes him to act so as to change his position prejudicially.

*See Cassidy v. Owen*, 533 A.2d 253 (1987). Plaintiff fails to plead the necessary elements for an equitable estoppel claim. Plaintiff pleads allegations in this count that reference the Bell Letter and the Rotwein Letter. Copies of these letters are attached as Exhibit A. Plaintiff alleges in Paragraph 42 of the complaint that Albert Bell sent a letter to Joseph Rotwein on July 20, 1987, requesting the original assignment. A copy of the Bell Letter was attached to the complaint as Exhibit E. Plaintiff cites in Paragraph 43 the Rotwein Letter sent in response to the Bell Letter, but does not attach it as an exhibit to the complaint.

Plaintiff then alleges with respect to the Rotwein Letter that Joseph Rotwein "did not repudiate the assignment and instead offered to send Albert Bell the original document if Albert Bell entered into a management agreement like the one that had been signed by some of the Martin Bell assignees", which Plaintiff alleges "expressly acknowledged the Record Owner's duty to account for proceeds of sale". Complaint ¶ 144. Rather than dealing with Plaintiff's self-serving characterization of what the Rotwein Letter said, a copy of the Rotwein Letter is attached as Exhibit A so the Court can review the document itself. As a review of the Rotwein Letter makes clear, the Rotwein Letter put Albert Bell on notice that he only had **"derivative rights"** and not **"direct rights as tenants in common."** [7] (Emphasis added).

This letter put Albert Bell on notice of Joseph Rotwein's position. Plaintiff cannot claim lack of this knowledge twenty years later. The exchange of correspondence between Albert Bell and Joseph Rotwein in July 1987, explicitly referred to in the Com-

---

[7] The court may consider facts (in a Motion to Dismiss) of which judicial notice may be taken and documents that are both referenced in the complaint and central to the plaintiff's claim. *See Phillips v. Bureau of Prisons, supra; Lipton v. MCI Worldcom, Inc., supra.*

plaint, establishes that Albert Bell knew that his claim to have an ownership interest in the subject property was disputed by Joseph Rotwein. Accordingly, Plaintiff has failed to allege the elements necessary to establish an estoppel.

Furthermore, Plaintiff's estoppel allegations deal entirely with the statements and conduct of Joseph Rotwein, not Frances Rotwein. There is no allegation that Frances Rotwein did or said anything on which an estoppel could be based. The complaint fails to state a claim for equitable estoppel against Frances Rotwein.

Accordingly, Count 5 of the complaint for equitable estoppel should be dismissed.

## VIII.    COMPLAINT FAILS TO STATE CLAIMS FOR SPOLIATION AND CONVERSION

In Count 10, Plaintiff alleges that Frances Rotwein negligently, recklessly, or intentionally failed to "preserve" the original assignment from Joseph Rotwein to Albert Bell sometime after Joseph Rotwein's death, and thereby committed "spoliation". Complaint ¶ 180. In Count 11, Plaintiff alleges that Frances Rotwein either holds the original assignment from Joseph Rotwein to Albert Bell, or has lost or destroyed it, and thereby committed "conversion". Complaint ¶ 190. These allegations are, in fact, nothing more than the guesses and speculations by Plaintiff, and they fail to state a claim for f either spoliation or conversion. Counts 10 and 11, therefore, should be dismissed.

Plaintiff's unfounded speculation that Frances Rotwein either caused the original assignment to be secreted or destroyed, or alternatively that she stole it, is not only outrageous, it is irrelevant. Neither plaintiff's case, nor Frances Rotwein's defense, depends on where the original assignment is today, because it is undisputed that the original assignment was never delivered to Albert Bell by Joseph Rotwein. Because the original assignment was never delivered to Albert Bell, he never acquired title to the property de-

scribed therein. If Frances Rotwein had the original document, all that would do would be to prove that Albert Bell doesn't have the assignment and never had it – and that fact is established by the Complaint itself  Complaint ¶¶ 39-43, 99, 180, 184.

Spoliation only applies if the loss or destruction of the document significantly impairs the plaintiff's ability to prove his claim. *See Holmes v. Amerex Rent-A-Car*, 180 F.3d 294 (D.C. Cir. 1999).[8]  Conversion only applies if the unlawful exercise of ownership, dominion or control over the property of another deprives the rightful owner of his lawful rights to use/possess the property. *See Duggan v. Keto*, 554 A.2d 1126 (D.C. 1989); Restatement 2d of Torts § 22A.  Here, the only relevant fact about the original assignment is that Plaintiff never received it, and he knew this fact at least since 1987. *See* Complaint ¶¶ 42-43; Rotwein Letter (attached as Exhibit A).[9]

Because Plaintiff has failed to plead the necessary elements to state a claim for spoliation or conversion, Counts 10 and 11 should be dismissed.

---

[8] The District of Columbia followed the element requirements in *Herbin v. Hoeffel*, 806 A.2d 186 (D.C. 2002), where the court held that appellant failed to show a proximate relationship between the documents he alleges she wrongfully destroyed and his defense in the criminal case.

[9] As previously stated, while the Court must generally limit its review to facts alleged in the complaint, it may also consider facts of which judicial notice may be taken and documents that are both referenced in the complaint and are central to the plaintiff's claim. *See Phillips v. Bureau of Prisons, supra; Lipton v. MCI Worldcom, Inc., supra.*

## CONCLUSION

For the foregoing reasons, defendant Frances Rotwein respectfully requests that the complaint be dismissed with prejudice and in its entirety.

Dated:  October 30, 2007

Respectfully submitted,

Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C.  20001
Telephone:  (202) 842-2345
Facsimile:  (202) 408-7763

Eric Von Salzen, DC Bar #13482
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  (202) 637-5718
Facsimile:  (202) 637-5910

Arthur F. Konopka, D.C. Bar #73593
4530 Wisconsin Ave., N.W., Suite 200
Washington, D.C. 20016
Telephone:  (202) 686-0600
Facsimile:  (202) 686-0896

Counsel for Defendant Frances Rotwein

25

# EXHIBIT A

## TO MEMORANDUM IN SUPPORT OF FRANCES ROTWEIN'S MOTION TO DISMISS

LAW OFFICES

JOSEPH ROTWEIN

1500 MASSACHUSETTS AVENUE, N. W.

WASHINGTON, D. C. 20005

CABLE ADDRESS
MASSAV

TELEPHONE
659·6010

July 27, 1987

Albert R. Bell, Esq.
1223 Fairfield Road
Glencoe, Illinois  60022

Dear Al:

I have your letter of July 20, 1987. I can't foretell the kind, shape, and other characteristics of a building that might be built in the future. Consequently, I wouldn't want to express an opinion as to the impact of construction on the site.

As regards the assignment, Marty was not holding the original document for you. The understanding was that persons holding under him and me would have only derivative rights rather than direct rights as tenants in common. That is the basis upon which operations were carried on for thirty years and explains why there was deliberately no delivery to you of the original of the document.

Several of the people who held under Marty were furnished originals but only after executing a manager's agreement which accomplished the same result as withholding delivery. If you would prefer having the same kind of documentation as that which exists with those holding under Marty, let me know. In that event I will send you a similar manager's agreement. After its execution and return to me, the original of the assignment will be delivered to you.

Best regards.

Sincerely yours,

Joseph Rotwein

JR/ydm

July 20, 1987

Joseph Rotwein, Esq.
1500 Mass. Ave. N.W.
Washington, D.C. 20005

Dear Joe:

In connection with the proposed lease for the adjacent lot, what adverse impact will there be resulting from construction of a building on that site which may cut off light and outside view from apartments in 1500 Mass. that will end up facing the new building?

The rental income from the ground lease is obviously desirable but it should be weighed against possible harm to rentals in 1500 Mass. due to apartments adversely affected by looking out at a brick wall at close range.

At our meeting I told you that I learned that the original assignment of leasehold interest in 1500 Mass., dated March 27, 1956 whereby I acquired my interest in 1500 Mass. from you as a tenant in common, was turned over to you by Mrs. NcInally at your request when she emptied the contents of Mart's safe deposit box after his death. He was holding the document for me and since it belongs to me I would appreciate your forwarding it to me.

With kind regards,

Sincerely,

*Albert Bell*

1223 Fairfield Road.
Glencoe, Il. 60022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Albert R. Bell Living Trust      ) ) ) | |
|          Plaintiff,      ) ) | Case No.  1:07-CV-01578 |
| v.      ) ) | Judge:  Huvelle, Ellen S. |
|      ) | Deck Type:  General Civil |
| FRANCES ROTWEIN      ) ) | |
|          and      ) ) | |
| BANK OF AMERICA, N.A.      ) ) | |
|          Defendants.      ) | |

## ORDER

**UPON CONSIDERATION** of the Defendant Frances Rotwein's Motion to

Dismiss, and the opposition filed in response thereto, it is this ___ day of _____,

2007 by the United States District Court for the District of Columbia

**ORDERED**, that Complaint of Arthur Bell, as Trustee of the Albert R. Bell

Living Trust be, and it hereby is, DISMISSED  WITH PREJUDICE.


                                       _____
                                       Judge, United States District Court