# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ARTHUR BELL, as Trustee of the Albert R.
Bell Living Trust,

        Plaintiff,

v.

FRANCES ROTWEIN, *et al.,*

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.  1:07-CV-01578
Judge:  Huvelle, Ellen S.
Deck Type:  General Civil

## DEFENDANT FRANCES ROTWEIN'S REPLY
## IN SUPPORT OF HER MOTION TO DISMISS THE COMPLANT

Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C.  20001
Telephone:  (202) 842-2345
Facsimile:  (202) 408-7763

Eric Von Salzen, DC Bar #13482
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  (202) 637-5718
Facsimile:  (202) 637-5910

Arthur F. Konopka, D.C. Bar # 073593
4530 Wisconsin Ave., N.W., Suite 200
Washington, D.C. 20016
Telephone:  (202) 686-0600
Facsimile:  (202) 686-0896

Counsel for Defendant Frances Rotwein

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................ 1

ARGUMENT.................................................................................................................... 3

I.    Plaintiff's Equitable Claims – Counts 1, 2, 4, 5, 9 and 13 –
      Are Barred by Laches Due to Plaintiff's Unreasonable
      Delay of Over Fifty Years in Bringing These Claims ............................................ 3

II.   Because Frances Rotwein Individually has Never Owed a
      Fiduciary Duty or Any Other Duty to Bell, All Claims
      Asserted Against Frances Rotwein Individually Should be
      Dismissed............................................................................................................... 6

III.  Plaintiff's Claims Against Frances Rotwein in Her
      Capacity as Former Personal Representative – Counts 1-9
      and 11 – are Barred by the Statute of Limitations .................................................. 8

IV.   Plaintiff Fails to State a Claim for Breach of Oral Contract
      in Count 6, and Any Such Claim is Barred by the Statute of
      Frauds and the Statute of Limitations................................................................... 10
      A.    Bell's Breach of Contract Claim is Barred by the
            Statute of Frauds....................................................................................... 11
      B.    Bell's Breach of Contract Claim is Barred by the
            Statute of Limitations ............................................................................... 14

V.    Plaintiff Fails to State Claims in Counts 7 and 8 for Fraud
      and Negligent Misrepresentation.......................................................................... 15

VI.   Plaintiff Fails to State Claims in Counts 5, 10 and 11 for
      Equitable Estoppel, Conversion and Spoliation ................................................... 16

CONCLUSION .............................................................................................................. 17

## TABLE OF AUTHORITIES

Cases                                                                                                        Page

*American Univ. Park Citizens Ass'n v. Burka,* 400 A.2d 737 (D.C. 1979) ....................................4

*Bennett v. Kiggins*, 377 A.2d 57 (D.C. 1977)................................................................................16

*Gray v. Gray,* 412 A.2d 1208 (D.C. 1980)....................................................................................11

*Gull Airborne Instruments, Inc. v. Weinberger,* 694 F.2d 838, 224 U.S. App. D.C. 272
(D.C. Cir. 1982)..............................................................................................................................4

*In Re Reilly Estate*, 2007 D.C. App. LEXIS 589 (D.C. Oct. 11, 2007)........................................11

*JeanBlanc v. The Oliver Carr Company,* 1995 U.S. App. LEXIS 19995 (D.C. Cir.
June 21, 1995).................................................................................................................................4

*Puckett v. Puckett*, 29 Wash.2d 15, 185 P.2d 131 (Wash. 1947) ...................................................5

*Railan v. Katyal*, 766 A.2d 998 (D.C. App. 2001) .......................................................................13

Statutes

D.C. Code Ann. § 14-302(a) (2001).............................................................................................11
D.C. Code Ann. § 20-105 ...............................................................................................................3
D.C. Code Ann. § 20-1303(a).............................................................................................8, 9, 10
D.C. Code Ann. § 20-1303(c)..........................................................................................................9
D.C. Code Ann. § 28-3501 ...........................................................................................................12
D.C. Code Ann. § 28-3502 ...........................................................................................................12
D.C. Code Ann. § 42-306(b) ........................................................................................................12
D.C. Code Ann. § 42-401 ........................................................................................................5, 12

Other Materials

3 WILLISON ON CONTRACTS Section 448 at 344 (3d ed. 1960)...........................................13

ND: 4842-4958-3362, Ver 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Albert R. Bell Living Trust,    ) ) ) ) | Case No. 1:07-CV-01578 |
|         Plaintiff,    ) | Judge: Huvelle, Ellen S. |
| v.    ) ) | Deck Type: General Civil |
| FRANCES ROTWEIN, *et al.,*    ) ) | |
|         Defendants.    ) ) | |

## DEFENDANT FRANCES ROTWEIN'S REPLY
## IN SUPPORT OF HER MOTION TO DISMISS THE COMPLANT

Defendant Frances Rotwein, by counsel, hereby replies to the opposition to Frances Rotwein's motion to dismiss filed by plaintiff Arthur Bell ("plaintiff" or "Bell").

As Frances Rotwein demonstrated in her motion (1) plaintiff's equitable claims are barred by laches, (2) the Complaint fails to state a claim against Frances Rotwein in her individual capacity, (3) the claims asserted against Frances Rotwein in her capacity as former personal representative are barred by the statute of limitations, and (4) as to all of the other counts, plaintiff has failed either to sufficiently plead such claims or those claims are barred by the applicable statutes of limitations, or both. For all of these reasons, the Complaint must be dismissed.

### Introduction

Plaintiff has made a simple dispute about whether or not Bell is entitled to a share of the proceeds on the sale of the subject property very complicated, and even this straightforward issue is not properly before the Court for all of the reasons set forth in Frances Rotwein's Motion to Dismiss. Frances Rotwein does not dispute, and has never

1

disputed, that Bell is entitled to ten percent (10%) of Joseph Rotwein's share of the net income earned by the Property[1] by reason of an oral agreement made and honored by Joseph Rotwein and additionally honored by his widow Frances Rotwein after the death of Joseph Rotwein. Both Frances Rotwein and Joseph Rotwein have always acted in accordance with, and consistently with, this understanding.

But Bell claims that he is entitled to more, that he owns ten percent (10%) of all that Joseph Rotwein owned and is therefore entitled to 10% of the Rotwein share of the capital proceeds that would be generated by a sale of the Property.[2] Bell bases this claim on an alleged oral agreement made over 50 years ago between Albert Bell and Joseph Rotwein under which, Bell says, Albert Bell was supposed to have received a share of Rotwein's ownership interest. But Joseph Rotwein did not give Albert Bell an ownership interest in 1956, and neither Albert Bell nor Plaintiff Bell bothered to assert this ownership claim for over 50 years. If Joseph Rotwein made the alleged oral agreement in 1956, he repudiated it in 1956 when he failed or refused to give Albert Bell an original of the assignment. Joseph Rotwein repudiated the alleged oral agreement again in 1987

---

[1] In the Complaint and Opposition, Bell refers variously (and confusingly) to the "property", an "interest", an "interest in the apartment building located at 1500 Massachusetts Avenue, Washington, D.C. ('1500 Building')", and an "interest in the 1500 Building and Syndicate". To clarify the confusion: (i) In 1956, when Joseph Rotwein and Albert Bell made their oral agreement, Joseph Rotwein and his two co-owners held a <u>leasehold</u> estate (that is, the tenant's interest under a 99-year ground lease, hereinafter referred to as the "Ground Lease") in land known as Lot 832 in Washington, DC, including an apartment building known as 1500 Massachusetts Avenue, N.W., that had been built on the leased land; (ii) later, in 1990, Joseph Rotwein and the successors of the other co-owners acquired the fee simple interest in Lot 832 as well as the landlord's interest under the 99-year ground lease; and (iii) meanwhile, in 1980, the co-owners acquired the fee simple interest in an adjoining parcel of land, Lot 831, which is leased out under a separate ground lease to unrelated parties. Bell claims to own an interest in <u>all</u> of these real property interests (which, for purposes of this Reply brief, shall be referred to collectively as the "Property").

[2] *See* Paragraph 97 of the Complaint in which Plaintiff alleges that its attorney sent letters on February 16, 2007 to the 1500 Building management and to all record owners of the Property asserting Bell's right to an unrecorded one thirtieth fee ownership in the 1500 Building (i.e., an unrecorded tenant in common interest). Contrary allegations are set forth in Paragraphs 100 and 102 of the Complaint in which Bell claims non-record equitable title.

when he refused Albert Bell's request to deliver the original assignment and told him that

Bell had only derivative rights in the property. A copy of these 1987 letters is attached to

Frances Rotwein's motion to dismiss.

Moreover, as Bell alleged in the Complaint, legal title to the ten percent (10%) of

the interest in the Property formerly owned by Joseph Rotwein to which Bell makes a

claim of ownership remains in the Estate of Joseph Rotwein and is not being held by

Frances Rotwein. Complaint ¶ 60. Contrary to Bell's assertions in his Opposition, such

interest transferred automatically by operation of law to the personal representatives on

behalf of the estate upon Mr. Rotwein's death, without any action whatsoever on the part

of Frances Rotwein or her co-personal representative, Bank of America. *See* D.C.Code

Ann. § 20-105. In dealing with that 10% interest during the time that she was acting as a

co-personal representative of her late husband's estate, Frances Rotwein made sure that

Bell received ten percent (10%) of Joseph Rotwein's share of the net income from the

Property pursuant to the oral agreement made by Joseph Rotwein. Bell does not allege

otherwise.[3]

The Court should dismiss the Complaint.

## **ARGUMENT**

I.    **PLAINTIFF'S EQUITABLE CLAIMS -- COUNTS 1, 2, 4, 5, 9 AND 13 --
      ARE BARRED BY LACHES DUE TO PLAINTIFF'S UNREASONABLE
      DELAY OF OVER FIFTY YEARS IN BRINGING THESE CLAIMS**

As we demonstrated in our opening memorandum (pp. 4-10), plaintiff's

unreasonable delay in bringing these claims and the resulting prejudice to Frances

---

[3] On page 5 of the Opposition, Bell even states that "Joseph Rotwein and Defendant Rotwein have
scrupulously accounted to Bell and his predecessor for all of the income and capital of this investment."
While Frances Rotwein would dispute the assertion in the Opposition that capital related to the investment
was shared with Bell, the point here is simply that Bell admits that the net income from the Property has
been paid to Bell.

Rotwein require the dismissal of all equitable counts (Counts 1, 2, 4, 5, 9, and 13) because they are barred by laches. Nothing in plaintiff's opposition has refuted that argument.

Bell argues that Frances Rotwein's laches argument should be rejected because plaintiff's unreasonable fifty-year delay in asserting this claim can be "explained." Opp. at 11-15. Obviously, the mere proffer of an explanation does not excuse an unreasonable delay and does not undermine the application of laches here.[4] While plaintiff now suggests that the dispute between the parties only arose in 2007 in connection with a contemplated sale of the subject property, Opp. at 3, 12, the allegations of the Complaint make clear that this matter arose over 50 years ago, in 1956, when Joseph Rotwein did not deliver to Albert Bell the original of the assignment, only a copy. Complaint ¶ 19. Delivery of a writing sufficient to transfer title to real property must take place in order for the legal title to transfer, D.C.Code Ann. § 42-401; *see generally Puckett v. Puckett,* 29 Wash.2d 15, 18, 185 P.2d 131, 133 (Wash. 1947)("A deed for an interest in land must take effect upon its execution and delivery or not at all."), and if the alleged oral agreement on which Bell relies required that Joseph Rotwein convey to Albert Bell an interest in real property (as Bell asserts), Rotwein breached that agreement when he did

---

[4] While some of the cases cited by Bell speak of an unreasonable and unexplained delay as providing a basis for the application of laches, Bell cites no case holding that a plaintiff can avoid laches merely by "explaining" his delay. The leading cases in the District of Columbia all describe laches in terms of "unreasonable delay." *See, e.g., American Univ. Park Citizens Ass'n v. Burka,* 400 A.2d 737, 740 (D.C. 1979) ("In order to apply laches to bar a claim as untimely, a defendant must show that the plaintiff has unreasonably delayed in asserting a claim and that there was 'undue prejudice' to the defendant as a result of the delay"). *Accord JeanBlanc v. The Oliver Carr Company,* 1995 U.S. App. LEXIS 19995 (D.C.Cir. June 21, 1995) (citing *American Univ. Park Citizens Ass'n v. Burka,* 400 A.2d 737, 740 (D.C. 1979). Indeed, the key case relied upon by Bell, *Gull Airborne Instruments, Inc. v. Weinberger,* 694 F.2d 838, 843, 224 U.S.App.D.C. 272 (D.C.Cir. 1982), speaks of <u>unreasonable delay</u> by plaintiff causing prejudice to the defendant. Plaintiff Bell himself describes *Gull Airborne* as standing for the proposition that "[t]he bar of *laches* is determined not merely by the lapse of time, but by facts indicating prejudice to the defendant,

not deliver the original assignment to Albert Bell in 1956. Because Bell's claim is that he was entitled to receive an ownership interest, that claim arose in 1956.

Even if Bell's claim did not arise in 1956 (as it clearly did), Bell was unquestionably put on notice in 1987, more than 20 years ago, that he had been granted no "direct" interest in the Property. Thus, Bell's own allegations in the Complaint and the 1987 exchange of correspondence between Albert Bell and Joseph Rotwein show that this dispute has been fully joined since 1987. The central issue in this case, of course, is whether plaintiff has an interest in the subject real estate or rather only an interest in a share of the Rotwein income that has been generated by the Property. That issue was fully joined in 1987 when Albert Bell sought the transfer of the original assignment from Joseph Rotwein to him and Joseph Rotwein refused, telling Albert Bell that those such as Mr. Bell "had only derivative rights rather than direct rights as tenants in common." Exhibit A, attached to Rotwein Mem. in Support of Motion to Dismiss. While plaintiff Bell seeks to explain the passage of 20 years since this statement by asserting in his Opposition that because he (and his predecessor in interest) received distributions of a share of the net income from the Property, he thought that his claim to ownership of the fee was not disputed, such an explanation is entirely unreasonable in light of the clear wording of Joseph Rotwein's 1987 letter. That letter clearly disabused plaintiff's predecessor of having any legally enforceable interest in the underlying *res* -- the Property.

The prejudice now suffered by Frances Rotwein due to plaintiff Bell's unreasonable delay is substantial. The testimony of Joseph Rotwein, a key party to the

---

which has arisen by reason of the <u>unreasonable delay</u> of the plaintiff in asserting his demand." Opp. at 11 (emphasis added).

alleged oral agreement that serves as the foundation of all of Bell's claims, is not alive to testify as to the nature of the discussions and as to the parameters of the oral agreement now being asserted by plaintiff Bell.  Joseph Rotwein died on December 28, 1991, over 16 years ago.  Bell cavalierly asserts that there is no prejudice because Frances Rotwein can rely on the 1987 letter in lieu of testimony from Joseph Rotwein.  Opp. at 14.  This argument is simultaneously outrageous and silly.  It is outrageous for plaintiff Bell to claim that the letter is an adequate substitute for Joseph Rotwein's testimony, while at the same time denying that the letter is sufficient to refute Bell's claim of ownership.  It is silly because Joseph Rotwein's testimony would undoubtedly have been more detailed and comprehensive than a one-page letter.

Because plaintiff's delay in bringing this claim was unreasonable and because Frances Rotwein will suffer substantial prejudice in defending against Bell's claims due to the intervening death of her husband, a party to the alleged 50-year old oral agreement, and of several other key participants in these transactions who likely would have also been called as witnesses,  this Court should dismiss all equitable claims on the ground of laches.

II.    **BECAUSE FRANCES ROTWEIN INDIVIDUALLY HAS NEVER OWED A FIDUCIARY DUTY OR ANY OTHER DUTY TO BELL, ALL CLAIMS ASSERTED AGAINST FRANCES ROTWEIN INDIVIDUALLY SHOULD BE DISMISSED**

As we demonstrated in our opening memorandum (pp. 10-15), Bell's complaint fails to allege any facts that support Bell's assertion that Frances Rotwein individually owed a fiduciary or any other duty to Bell.  Accordingly, Counts 3, 4, 6, 9, 12 and all other Counts insofar as they seek exemplary and/or punitive damages, costs and/or attorneys' fees from Frances Rotwein personally should be dismissed for failure to state a

6

claim against Frances Rotwein individually.  Nothing in plaintiff's Opposition has refuted that argument.

Although Bell has sued Frances Rotwein both in her individual capacity and in her capacity as a former personal representative of the estate of her deceased spouse, none of the allegations of the complaint alleges any legitimate <u>factual</u> basis whatsoever to impose liability on Frances Rotwein in her <u>individual capacity</u>.  Bell just assumes that Frances Rotwein individually owed a fiduciary duty to Bell and then argues that Frances Rotwein has repudiated that duty.[5]  Because Frances Rotwein did not undertake any fiduciary or other duty outside of her former official role as a co-personal representative of the Estate of Joseph Rotwein, Frances Rotwein individually owed and owes no fiduciary or other duty whatsoever to plaintiff Bell.

Plaintiff Bell assumes that a fiduciary duty is imposed upon Frances Rotwein individually merely because she inherited her late husband's interest in the real estate comprising the Property.  Complaint ¶ 110.  Bell cites no legal authority for this proposition, but spends 11 pages of his Opposition repeating this unfounded  argument, as though repetition alone were enough to persuade this Court that a person who inherits property also inherits the testator's fiduciary duty.[6]

---

[5] Repudiation applies to contract law, and there is no allegation that Frances Rotwein agreed through a contract to be bound to a fiduciary duty to Plaintiff Bell or to Albert Bell.

[6] Bell also argues that Frances Rotwein is in a "position of dominance and trust over Bell in regard to the assigned interest."  Plaintiff Bell claims that Albert Bell and Joseph Rotwein entered into an oral agreement whereby Bell receives ten percent (10%) of Joseph Rotwein's share of the net income from the Property. Such a relationship is a contractual relationship which did not create a partnership and which does not put one party in a position of dominance over the other, certainly not Frances Rotwein who was not a party to the agreement.  By Bell's own allegations, Frances Rotwein has no involvement with Bell because the manager of the apartment building at the Property, not Frances Rotwein, handles the contractual obligations to Bell by making payments of net income to Bell.  *See* Complaint ¶¶ 62-64.

Moreover, Bell ignores his own allegation in the Complaint that Frances Rotwein individually has not obtained title to the ten percent (10%) of Joseph Rotwein's interest in the Property to which Bell now claims title, which interest continues to be held by the Estate of Joseph Rotwein.  Complaint ¶ 60.  Nowhere does Bell explain, in his Opposition or in the Complaint, how Frances Rotwein in her individual capacity could be legally liable to Bell for an interest in the Property that she has never even inherited. Because Bell has entirely failed to state a claim against Frances Rotwein in her individual capacity, and because Bell has failed to present any valid rebuttal to Frances Rotwein's argument in her Motion to Dismiss that the Complaint fails to state any claim against Frances Rotwein in her individual capacity, this Court should dismiss all claims asserted against Frances Rotwein in her individual capacity.

**III.    PLAINTIFF'S CLAIMS AGAINST FRANCES ROTWEIN IN HER CAPACITY AS FORMER PERSONAL REPRESENTATIVE – COUNTS 1-9 and 11 -- ARE BARRED BY THE STATUTE OF LIMITATIONS**

In our opening memorandum (pp. 8-11), we showed that all claims in the Complaint asserted against Frances Rotwein in her capacity as a former personal representative of the estate of her late husband (Counts 1-9 and 11) must be dismissed because all such claims were barred by the applicable statute of limitations.   In his Opposition, plaintiff Bell has failed to effectively counter that argument.  Therefore, this Court should dismiss all claims against Frances Rotwein in her capacity as a former personal representative of the Estate of Joseph Rotwein.

Bell argues that D.C. Code Ann. § 20-1303(a) establishes that the statute of limitations as to Frances Rotwein as personal representative has not run because all of the assets have not yet been distributed. Opp. at 21. This argument relies on an incomplete

reading of D.C. Code Ann. § 20-1303(a).   While D.C. Code Ann. § 20-1303(a)  provides

that  "any claim of personal liability against a personal representative…shall be barred

one year from the date of distribution of all the assets and satisfaction of all known claims

against the estate" it further provides that the date of such distribution in an unsupervised

administration (such as was the case for the Estate of Joseph Rotwein) shall be deemed to

be the date of the filing of the Certificate of Completion or, if none, three months after

the termination of the appointment of the personal representative.  D.C. Code Ann. § 20-

1303(a) (emphasis added).

        The date of termination of the appointment occurs automatically three years after

the appointment.  D.C.Code Ann. § 20-1301(c).  Frances Rotwein's April 1, 1993

appointment was therefore automatically terminated on April 1, 1996, and the statute of

limitations began to run three months thereafter, *i.e.*, on July 1, 1996, pursuant to D.C.

Code Ann. § 1303(a).  Thus, contrary to Bell's argument, the termination of the

appointment of Frances Rotwein occurred three years after her appointment, and by law

the date of distribution under Section 20-1303 occurred on July 1, 1996, three months

after the date her appointment was terminated.  The statute of limitations for claims

against the personal representatives therefore expired on July 1, 1997.  Bell filed his

Complaint on October 12, 2007, over 10 years after the statute of limitations had run.

        Moreover, it is important to distinguish between claims for monetary damages

against a personal representative of an estate, which is what has been asserted by Bell in

this case, with claims seeking to obtain a transfer of property that is still held by the

estate, which is not part of this action.  In this case we are only dealing with damages

claims being asserted against former personal representatives of the Joseph Rotwein

Estate.  To the extent that Bell seeks to assert a claim to the undistributed property in the

Estate of Joseph Rotwein, he would need to pursue that claim with an appropriate request

addressed to the appropriate court with jurisdiction over the Estate of Joseph Rotwein.[7]

The only claims before this Court with respect to the undistributed property of Joseph

Rotwein are the claims against the former personal representatives for damages for

breach of their fiduciary and other duties.  The applicable statute of limitations bars all

claims asserted against Frances Rotwein for her actions as a personal representative of

the estate of Joseph Rotwein, and all such claims should be dismissed.

**IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF ORAL CONTRACT IN COUNT 6, AND ANY SUCH CLAIM IS BARRED BY THE STATUTE OF FRAUDS AND THE STATUTE OF LIMITATIONS**

In our opening memorandum, we demonstrated that Plaintiff had failed to state a

claim for breach of contract and that in any event such a claim was barred by the

applicable statute of limitations.  Because nothing in Plaintiff's Opposition has countered

that showing, Plaintiff's Count 6 seeking to assert a claim for an anticipatory breach of

contract should be dismissed.

In the Opposition, in an effort to escape the arguments made in support of Frances

Rotwein's motion to dismiss, for the first time Plaintiff Bell places express reliance on

an alleged oral contract between Albert Bell and Joseph Rotwein that purportedly would

give Bell a share of the proceeds on the sale of the Property.  Such a contract (if it were

---

[7] Bell nevertheless argues in his Opposition that Frances Rotwein holds title to the interests in real estate that Plaintiff claims to own. Plaintiff advances this argument by asserting that he is only seeking "return of an asset belonging to him that was taken and is still held by [Frances] Rotwein under color of her official capacity but without any equitable right to do so."  Opp. at 20 (emphasis added).  Bell makes this argument despite the unambiguous allegation in the Complaint that the Property has not been distributed and remains in the Estate of Joseph Rotwein.  Complaint ¶ 60.

ever made) would be unenforceable under the Statute of Frauds, and if not barred by the

Statute of Frauds, it would be barred by the Statute of Limitations.

The key problem with this argument is that it simply ignores what Frances

Rotwein is asserting in her Motion to Dismiss.  Frances Rotwein has demonstrated that

Count 6 fails to state a claim against Frances Rotwein in her individual capacity because

it does not assert that she was or is a party to that alleged oral agreement.  The mere

allegation that Frances Rotwein inherited her late husband's interest in real estate does

not impose on her the duties or agreements of Joseph Rotwein.  Therefore, Count 6

should be dismissed for failure to state a claim on which relief can be granted against

Frances Rotwein.

## A. **Bell's Breach of Contract Claim is Barred by the Statute of Frauds**

Plaintiff claims an ownership interest in real estate based on an oral agreement

that Bell alleges was made in 1956 between Joseph Rotwein and Albert Bell.  Complaint

¶¶ 19-20.  This claim violates the District of Columbia statute of frauds and therefore

should be dismissed.[8]  In the District of Columbia, no action may be brought "upon a

contract or sale of real estate . . . [or] of any interest in or concerning it . . . unless the

---

[8] Plaintiff's claims based on an alleged oral agreement with Joseph Rotwein must also be dismissed because they are barred by the District of Columbia Dead Man's Statute.  D.C. Code Ann. § 14-302(a)(2001).  The Dead Man's Statute provides, "In a civil action against . . . [the] representative of a deceased person . . . a judgment or decree may not be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff . . . as to any transaction with, or action, declaration, or admission of, the deceased . . . person."  Thus, the statute precludes the entry of judgment in favor of a plaintiff suing the personal representative of a deceased person, if that judgment is based solely on the plaintiff's uncorroborated testimony as to interactions between him and the deceased person.  *In Re Reilly Estate*, 2007 D.C.App.LEXIS 589 (D.C. Oct. 11, 2007); *Gray v. Gray*, 412 A.2d 1208, 1212 (D.C. 1980).  Plaintiff's claims to ownership of the Ground Lease interest, to fee simple ownership of Lot 832, and to fee simple ownership of Lot 831 are based on an alleged oral agreement between Albert Bell and Joseph Rotwein.  Complaint ¶¶ 19-20.  The Plaintiff offers no corroboration of that alleged agreement by the deceased Joseph Rotwein.  As noted above, the only written document alleged by Plaintiff is an undelivered, unrecorded "assignment", which dealt only with the Ground Lease interest, and does not support Plaintiff's claims even with respect to the Ground Lease.  Because Joseph Rotwein is now

agreement upon which the action is brought, or a memorandum or note thereof, is in writing, which need not state the consideration and signed by the party to be charged therewith or a person authorized by him." D.C. Code Ann. § 28-3502; *see also* D.C. Code Ann. § 28-3501 ("An estate, attempted to be created for a greater term than one year in real estate, other than by deed, is an estate by sufferance"). Further, "no estate . . . for a longer term than 1 year . . . in any real property . . . in the District of Columbia . . . shall be created or take effect, except by deed signed and sealed by the grantor, lessor, or declarant, in person or by power of attorney or by will." D.C. Code Ann. § 42-306(b). A deed is not effective in the District of Columbia until it is delivered to the grantee. D.C. Code Ann. § 42-401.

The alleged "assignment" from Joseph Rotwein to Albert Bell in 1956 does not satisfy the deed requirement of Section 42-401 because Plaintiff does not allege that Joseph Rotwein delivered this assignment to Albert Bell. The "assignment" does not satisfy the requirements of the statute of frauds because it does not contain the terms of the oral agreement that Plaintiff Bell claims was made between Joseph Rotwein and Albert Bell.

Furthermore, when the "assignment" was made in 1956, Joseph Rotwein owned only a one-third interest as a tenant-in-common in the leasehold estate of the 1500 Building (*i.e.*, the Ground Lease). Joseph Rotwein, Martin Bell, and Lester Abelson did not purchase the fee simple interest as tenants-in-common in Lot 831 until 1980 and in the land on which the 1500 Building sits (*i.e.*, Lot 832) until 1990. Complaint ¶¶ 35, 52. Plaintiff does not allege that there was any written agreement evidencing any transfer to

---

deceased, Plaintiff's uncorroborated ownership claims against a person who is now deceased must be dismissed.

Albert Bell of any part of Joseph Rotwein's interest in the real estate he acquired in 1980 or in 1990.

In Paragraph 152 of the Complaint, Plaintiff argues that "Frances Rotwein owes a duty to Plaintiff [Bell], as successor in interest to Albert Bell, to honor the [oral] contract between Rotwein and Albert Bell" and that "[t]his duty is enforceable over any statute of frauds defense because of the actions of [Joseph] Rotwein and Frances Rotwein alleged above, which constitute ratification and partial performance of such contract." The only "actions" or "performance" by Joseph and Frances Rotwein alleged in the complaint were the periodic payments to Albert Bell and his successor of 10% of the Rotwein share in the net income and depreciation from the real property. Complaint ¶¶ 22, 62-66. Frances Rotwein does not dispute, and has never disputed, that Albert Bell and his successors are entitled to this share of the net income, by reason of an oral agreement made by Joseph Rotwein and honored by his widow. But Plaintiff claims more – Plaintiff claims an ownership interest and therefore a right to a share of the proceeds of sale of the underlying real estate. There has never been any "action" or "performance" regarding such an alleged oral agreement to grant an ownership interest to Albert Bell or his successor, and its enforcement would therefore be barred even if it were proved.

The statute of frauds was "intended . . . to protect defendants against unfounded . . . . claims." 3 WILLISON ON CONTRACTS Section 448 at 344 (3d ed. 1960). *See also Railan v. Katyal*, 766 A2d 998 (D.C. App. 2001). Frances Rotwein is entitled to protection from Plaintiff's unfounded claims. The statute of frauds of the District of Columbia is fully applicable to this case. Accordingly, all counts of the complaint

premised on Plaintiff's allegations of an oral agreement with Joseph Rotwein must be dismissed because Plaintiff's allegations fail to satisfy the statute of frauds.

**B. Bell's Breach of Contract Claim is Barred by the Statute of Limitations**

Count 6 is premised on Plaintiff's claim that he is entitled to an ownership interest in the Property by virtue of an oral agreement in 1956 between Joseph Rotwein and Albert Bell. If Joseph Rotwein made and then breached an oral contract to grant an ownership interest to Albert Bell to the extent of 10% of Joseph Rotwein's interest in the Ground Lease, that alleged oral contract was breached immediately in 1956 by non-delivery of the original assignment and again in 1987 when Joseph Rotwein refused Albert Bell's specific written request to deliver the original assignment to Albert Bell. Complaint ¶¶ 11, 19, 40-44, 151. Thus, the failure or refusal to deliver the original assignment occurred in 1956 and 1987, not in 2007. As stated in the Memorandum in Support of the Motion to Dismiss, actions for breach of contract in the District of Columbia must be filed within 3 years after the date that the cause of action accrues.

But Bell is seeking to have it both ways. On one hand, Bell says that he is legally entitled to the original assignment and that Joseph Rotwein was wrong in 1987 to refuse to deliver it to him. On the other hand, Bell says that the oral agreement that he is now claiming was breached, was breached by a 2007 letter from counsel indicating that Bell would not be paid the proceeds of sale in the absence of proof of fee simple ownership, not by the 1987 refusal by Joseph Rotwein to deliver the original assignment and the written assertion by Joseph Rotwein that Albert Bell had only "derivative rights" in the Ground Lease and not by the 1956 failure to deliver the original assignment. Exhibit A (attached to the Memorandum in Support of Motion to Dismiss).

14

In the second paragraph of Count 6 Bell alleges, "In 1956, Albert Bell and [Joseph] Rotwein agreed that in exchange for Albert Bell's payment of $20,000 to Rotwein, Albert Bell would receive an assignment of income and profits prorated for his percentage of interest and, when sold, that percentage of any net proceeds of sale." Complaint ¶ 151. Then, in 1987, according to Bell's Complaint, Joseph Rotwein wrongfully refused to deliver to him the original assignment that Plaintiff Bell claims had been kept by Martin Bell prior to his death only for "safekeeping." Complaint ¶ 40. Bell alleges that in 1987 Joseph Rotwein had "no right to possession of the escrowed assignment documents . . . . " Complaint ¶ 41. Bell further alleges that in his 1987 letter to Albert Bell, Joseph Rotwein wrongfully refused to deliver the original assignment to Albert Bell. Complaint ¶ 43. Thus, based upon the facts alleged in the Complaint, the oral agreement relating to plaintiff Bell's claimed interest in proceeds was breached, if at all, in 1956 and again in 1987 when Joseph Rotwein refused to deliver the original assignment document to Albert Bell.

For all of these reasons, Count 6 of the Complaint must be dismissed.

## V.  PLAINTIFF FAILS TO STATE CLAIMS IN COUNTS 7 AND 8 FOR FRAUD AND NEGLIGENT MISREPRESENTATION

As we established in our opening memorandum, Plaintiff has failed to state a claim for fraud or negligent misrepresentation. Plaintiff Bell has not refuted Frances Rotwein's arguments, and therefore her motion should be granted with respect to Counts 7 and 8.

Bell asserts that his fraud claim is based upon his allegation that Frances Rotwein cannot find the original assignment from Joseph Rotwein to Albert Bell. Fraud occurs when one knowingly makes a false statement about a material fact with intent to deceive

upon which the plaintiff relies. *See Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). No such statement by Frances Rotwein has been alleged, so the fraud claim must fail. Moreoever, the disappearance of the original assignment did not injure Bell. *See* Memorandum in Support of Rotwein Motion to Dismiss at 23-24. Thus, Count 7 should be dismissed for failure to state a claim.

Bell asserts that both his fraud and his negligent misrepresentation claims are based on the regular payments made to Bell of a share of income generated by the Property. The payment of income to Bell cannot be fraud or negligent misrepresentation. Payments as to which Bell claims to be entitled are not statements. The issue in this case is not whether Bell has been entitled to a share of the income generated by the Property, it is whether Bell is entitled to a portion of the proceeds of sale of the Property. Bell does not allege in his Complaint or in his Opposition that Frances Rotwein ever told Bell that Bell was entitled to payment of a portion of the proceeds of sale. All that is alleged is the loss of a document (*i.e.*, the original assignment) and the regular payment of a share of net income. Neither constituted fraud. Neither constituted negligent misrepresentation. Therefore, no fraud or negligent misrepresentation is alleged. Counts 7 and 8 should be dismissed.

## VI.    PLAINTIFF FAILS TO STATE CLAIMS IN COUNTS 5, 10 AND 11 FOR EQUITABLE ESTOPPEL, CONVERSION, AND SPOLIATION

In our opening memorandum, we established that plaintiff Bell has failed to state a claim for equitable estoppel, conversion, and spoliation. Because nothing in the Opposition undermines any of those arguments, this Court should dismiss Counts 5, 10 and 11 for failure to state a claim.

16

## CONCLUSION

For the foregoing reasons, Frances Rotwein respectfully requests that her Motion to Dismiss the Complaint be granted and the Complaint be dismissed with prejudice.

Dated:  January 8, 2008

Respectfully submitted,

Richard T. Rossier, DC Bar # 364649
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C.  20001
Telephone:  (202) 842-2345
Facsimile:  (202) 408-7763

Eric Von Salzen, DC Bar #13482
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  (202) 637-5718
Facsimile:  (202) 637-5910

Arthur F. Konopka, D.C. Bar # 073593
4530 Wisconsin Ave., N.W., Suite 200
Washington, D.C. 20016
Telephone:  (202) 686-0600
Facsimile:  (202) 686-0896

Counsel for Defendant Frances Rotwein