## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR BELL, as Trustee of the Albert R. Bell Living Trust )<br><br>Plaintiff/Counter-Defendant, )<br>v. )<br><br>FRANCES ROTWEIN )<br><br>Defendant/Counter-Plaintiff )<br>and )<br><br>BANK OF AMERICA, N.A. )<br><br>Defendant. ) | Case No.  1:07-CV-01578<br>Judge:  Huvelle, Ellen S.<br>Deck Type:  General Civil |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND OF FRANCES ROTWEIN

Defendant Frances Rotwein ("Frances Rotwein"), by counsel, hereby responds to the Complaint of Arthur Bell, Trustee of the Albert R. Bell Living Trust ("Plaintiff" or "Bell") with this Answer, these Affirmative Defenses, these Counterclaims, and the Jury Demand set forth below..

## ANSWER

COMES NOW defendant Frances Rotwein, by counsel, and for her answer to the complaint filed by Plaintiff, responds as follows:

1.      The allegations of paragraph 1 are legal contentions and conclusions to which no answer is required; to the extent that any answer is required, these allegations are denied, except that Frances Rotwein admits that the one-thirtieth interest referred to has not been distributed from the Estate of Joseph Rotwein.

1

2.       Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 2 and so denies same.

3.       Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 3 of the Complaint and so denies same.

4.       Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 4 of the Complaint and so denies same, except that she admits that BOA is a successor to American Security Trust Co., and that it was the co-personal representative of the Estate of Joseph Rotwein.

5.       Frances Rotwein admits that she is an individual who resides in Bethesda, Maryland and that she was the co-personal representative of the Estate of Joseph Rotwein, but denies the remainder of the allegations of paragraph 5.

6.       The allegations of paragraph 6 constitute legal conclusions to which no answer is required.

7.       Frances Rotwein admits that the apartment building that is the focus of this litigation is located in Washington, D.C.  The remainder of the allegations of paragraph 7 is a legal conclusion to which no answer is required.

8.       Frances Rotwein admits the allegations of paragraph 8 on information and belief.

9.       Frances Rotwein admits the allegations of paragraph 9 except for the last sentence to which no answer is required.

10.      Frances Rotwein denies the allegations of paragraph 10.

11.      Frances Rotwein admits that Joseph Rotwein offered Albert R. Bell, brother of Martin Bell, an interest in one tenth of the one third leasehold interest he was

purchasing in exchange for the sum of $20,000, but denies the remainder of the allega-
tions of paragraph 11.

12.    Frances Rotwein admits that Joseph Rotwein offered Robert Mayer an in-
terest in one tenth of the one-third leasehold interest he was purchasing in exchange for
the sum of $20,000 and admits on information and belief that Robert Mayer was a labor
lawyer known to Martin Bell, but denies the remainder of the allegations of paragraph 12.

13.    Frances Rotwein admits that Albert Bell paid Joseph Rotwein $20,000 for
an interest in one tenth of his one-third leasehold interest but denies that Joseph Rotwein
assigned to Albert Bell any share in the ownership of the said leasehold.  Frances Rotwein
admits that Exhibit A to the Complaint is a copy of an assignment document that was
never delivered by Joseph Rotwein to Albert Bell.

14.    Frances Rotwein admits that Robert Mayer paid Joseph Rotwein $20,000
for an interest in one tenth of his one third leasehold interest but denies that Joseph Rot-
wein assigned to Robert Mayer nay share in the ownership of the said leasehold.

15.    Frances Rotwein is without sufficient knowledge to admit or deny the
truth of the allegations of paragraph 15 and so denies same.

16.    Frances Rotwein is without sufficient knowledge to admit or deny the
truth of the allegations of paragraph 16 and so denies same.

17.    No answer is required to the allegations of paragraph 17.

18.    Frances Rotwein is without sufficient knowledge to admit or deny the
truth of the allegations of paragraph 18 and so denies same.

19.    Frances Rotwein is without sufficient knowledge to admit or deny the
truth of the allegations of first sentence of paragraph 19 and so denies same.  Frances
Rotwein denies the remaining allegations of paragraph 19, and, pleading further, states

that no assignment of any ownership interest in the leasehold was ever made to Bell or

Mayer and still further that Exhibit A to the Complaint is not in recordable form so could

not have been recorded.

20.    Frances Rotwein denies the allegations of paragraph 20.

21.    Frances Rotwein denies the allegations of paragraph 21.

22.    Frances Rotwein admits the allegations of paragraph 22 that such distribu-

tions were accounted for and made but denies that they were "[i]n discharge of such duty

and commitment."

23.    Frances Rotwein denies the allegations of paragraph 23.

24.    Frances Rotwein admits that in some of the financial reporting the term

"Syndicate" was used, but denies that there was any such "Syndicate". The documents to

which reference is made in paragraph 24 are the best evidence of what they say and speak

for themselves. The remaining allegations of paragraph 24 are denied.

25.    Frances Rotwein denies the allegations of paragraph 25 except that she is

without knowledge sufficient to admit or deny the allegations with regard to the "Bell As-

signees" and so denies same.

26.    The allegations of paragraph 26 assert a legal conclusion to which no an-

swer is required. If answer be required, Frances Rotwein denies same.

27.    The allegations of paragraph 27 assert a legal conclusion to which no an-

swer is required. If answer be required, Frances Rotwein denies same.

28.    Frances Rotwein denies the allegations of paragraph 28.

29.    Frances Rotwein is without sufficient knowledge to admit or deny the

truth of the allegations of paragraph 29 and so denies same.

30.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 30 and so denies same.

31.    Frances Rotwein denies the allegations of paragraph 31.

32.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of the first sentence of paragraph 32 and so denies same.  Frances Rotwein denies the remainder of paragraph 32.

33.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 33 and so denies same.

34.    Frances Rotwein denies that Joseph Rotwein owed a fiduciary duty to Albert Bell.  Frances Rotwein is without sufficient knowledge to admit or deny the truth of the remaining allegations of paragraph 34 and so denies same.

35.    Frances Rotwein denies that Joseph Rotwein owed a fiduciary duty to Albert Bell.  Frances Rotwein is without sufficient knowledge to admit or deny the truth of the remaining allegations of paragraph 35 and so denies same.

36.    Frances Rotwein denies the allegations of paragraph 36.

37.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 37 and so denies same.

38.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 38 and so denies same.

39.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 39 and so denies same.

40.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of the first sentence of paragraph 40 and so denies same.  The remaining allegations of paragraph 40 are denied.

41.    Paragraph 41 consists of legal conclusions to which no answer is required. If answer be required, Frances Rotwein denies same.

42.    Frances Rotwein admits the allegations of paragraph 42 on information and belief. The document to which reference is made in this paragraph is the best evidence of what it says and it speaks for itself.

43.    Frances Rotwein denies the allegations of paragraph 43 and asserts that the paragraph grossly mischaracterizes the statements made in the letter from Joseph Rotwein to Albert Bell, a copy of which was made an exhibit to Frances Rotwein's previously filed motion to dismiss. That letter is the best evidence of what it says and it speaks for itself. It states, among other things, that "Marty [Martin Bell] was not holding the original [assignment] document for you [and] . . . there was deliberately no delivery to you of the original of the [assignment] document." Letter from Joseph Rotwein to Albert Bell dated July 27, 1987.

44.    The allegations of paragraph 44 contain legal conclusions to which no answer is required. If answer be required, Frances Rotwein denies same.

45.    Frances Rotwein denies the allegations of paragraph 45.

46.    Frances Rotwein is without knowledge sufficient to admit or deny the allegations of paragraph 46, and so denies same.

47.    Frances Rotwein admits that Albert Bell did not execute the management agreement offered by Joseph Rotwein; otherwise, Frances Rotwein denies the allegations of paragraph 47.

48.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 48 and so denies same. The document to which reference is made is the best evidence of what it says and speaks for itself.

49.    Frances Rotwein denies the allegations of paragraph 49.

50.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 50 and so denies same. The document to which reference is made is the best evidence of what it says and speaks for itself.

51.    Frances Rotwein is without sufficient knowledge to admit or deny the truth of the allegations of paragraph 51 and so denies same.

52.    Frances Rotwein denies the first sentence of paragraph 52. In further answer and upon information and belief the three original owners of the building purchased the fee interest in the land on or about January 31, 1990, and the interests were not merged. The document to which reference is made is the best evidence of what it says and speaks for itself.

53.    The first sentence of paragraph 53 sets forth a legal conclusion to which no answer is required. If answer be required, Frances Rotwein denies same. Frances Rotwein admits the second sentence of paragraph 53.

54.    Frances Rotwein admits the allegations of paragraph 54.

55.    Paragraph 55 sets forth a legal conclusion to which no answer is required. If answer be required Frances Rotwein denies same.

56.    Frances Rotwein denies the allegations of paragraph 56.

57.    Frances Rotwein admits the allegations of paragraph 57 except to the extent the facts alleged therein are alleged to flow from the facts alleged in paragraph 56 which they do not. The document to which reference is made is the best evidence of what it says and speaks for itself.

58.    Frances Rotwein admits the allegations of paragraph 58 except to the extent the facts alleged therein are alleged to flow from the facts alleged in paragraph 56

which they do not. The document to which reference is made is the best evidence of what it says and speaks for itself.

59.    Frances Rotwein denies the allegations of paragraph 59.

60.    Paragraph 60 sets forth a legal conclusion to which no answer is required. If answer be required Frances Rotwein denies same.

61.    Paragraph 61 sets forth a legal conclusion to which no answer is required. If answer be required Frances Rotwein denies same.

62.    Upon information and belief Frances Rotwein admits the first sentence of paragraph 62, but is without knowledge or information sufficient to admit or deny the truth of the alleged date of the transfer of management alleged. With respect to the re-maining allegations of paragraph 62, Frances Rotwein is without knowledge or informa-tion sufficient to admit or deny the truth of same, and so denies same.

63.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 63 and so denies same.

64.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 64 and so denies same.

65.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 65 and so denies same.

66.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 66 and so denies same.

67.    Frances Rotwein denies the allegations of paragraph 67. The documents to which reference is made are the best evidence of what they say and speak for them-selves.

68.    Frances Rotwein denies the first sentence of paragraph 68.  Frances Rot-wein is without sufficient knowledge or information to admit or deny the truth of the alle-gations of paragraph 68 and so denies same.

69.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 69 and so denies same.

70.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 70 and so denies same.

71.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 71 and so denies same, except that she admits that Albert Bell recorded an Affidavit on the District of Columbia land records in 1997.  The document to which reference is made is the best evidence of what it says and speaks for itself.

72.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 72 and so denies same, except that she admits that Albert Bell recorded an Affidavit on the District of Columbia land records in 1997.  The document to which reference is made is the best evidence of what it says and speaks for itself.

73.    Paragraph 73 sets forth legal conclusions to which no answer is required. If answer be required Frances Rotwein denies same, but Frances Rotwein admits that dur-ing the remainder of the 1990s she caused or allowed Shannon & Luchs to pay directly to plaintiff and Sleepy Hollow all distributions applicable to their respective interests in said distributions.

74.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 74 and so denies same.

75.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 75 and so denies same.

76.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 76 and so denies same.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

77.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 77 and so denies same.

78.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 78 and so denies same.  In further answer, Frances Rotwein states that the documents to which reference is made in this paragraph are the best evidence of what they say and speak for themselves.

79.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 79 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the documents to which reference is made are the best evidence of what they say and speak for themselves.

80.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 80 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the documents to which reference is made are the best evidence of what they say and speak for themselves.

81.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 81 and so denies same and specifically

denies that there was a Syndicate.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

82.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 82 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the documents to which reference is made are the best evidence of what they say and speak for themselves.

83.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 83 and so denies same and specifically denies that there was a Syndicate.

84.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 84 and so denies same.

85.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 85 and so denies same.

86.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 86 and so denies same and specifically denies that there was any "repeated acknowledgment by [Joseph] Rotwein that Albert Bell was an owner."

87.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 87 and so denies same and specifically denies that there was a Syndicate.

88.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 88 and so denies same and specifically denies that there was a Syndicate.

89.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 89 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

90.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 90 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

91.    Frances Rotwein denies the allegations of paragraph 91.

92.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 92 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

93.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 93 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

94.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 94 and so denies same.  In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

95.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 95 and so denies same and specifically denies that there was a Syndicate.  In further answer, Frances Rotwein states that the documents to which reference is made are the best evidence of what they say and speak for themselves.

96.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 96 and so denies same.

97.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 97 and so denies same except that she admits that such a letter was received and is the best evidence of what it says and speaks for itself.

98.    Frances Rotwein admits that attorney Von Salzen did respond to the Trust's letter but that response is the best evidence of what it says and speaks for itself. Any remaining allegations of paragraph 98 are denied.

99.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 99 and so denies same except that she admits that such a letter was received and is the best evidence of what it says and speaks for itself.

100.    Frances Rotwein admits that attorney Von Salzen did respond to the Trust's letter but that response is the best evidence of what it says and speaks for itself. Any remaining allegations of paragraph 100 are denied.

101.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 101 and so denies same. In further answer, Frances Rotwein states that the document to which reference is made is the best evidence of what it says and speaks for itself.

102.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 102 and so denies same except that she admits that such letters were received and that the letters are the best evidence of what they say and speak for themselves.

103.    Frances Rotwein admits that attorney Von Salzen did respond to the Trust's letters but those responses are the best evidence of what they say and speak for themselves. Any remaining allegations of paragraph 103 are denied.

104.    The allegations of paragraph 104 set forth a legal conclusion to which no answer is required. If answer be required, Frances Rotwein denies same.

105.    No response required.

106.    The allegations of paragraph 106 set forth a legal conclusion to which no answer is required. If answer be required, Frances Rotwein denies same.

107.    The allegations of paragraph 107 set forth a legal conclusion to which no answer is required. If answer be required, Frances Rotwein denies same.

108.    The allegations of paragraph 108 set forth a legal conclusion to which no answer is required. If answer be required, Frances Rotwein denies same.

14

109.    The allegations of paragraph 109 set forth a legal conclusion to which no answer is required.  If answer be required, Frances Rotwein denies same.

110.    The allegations of paragraph 110 set forth a legal conclusion to which no answer is required.  If answer be required, Frances Rotwein denies same except she admits that she is the former co-personal representative of the Estate of Joseph Rotwein.

111.    The allegations of paragraph 111 set forth a legal conclusion to which no answer is required.  If answer be required, Frances Rotwein denies same.

112.    The allegations of paragraph 112 set forth a legal conclusion to which no answer is required.  If answer be required, Frances Rotwein denies same.

113.    Frances Rotwein admits that the 1500 Building was on the market and was being actively marketed at the time the Complaint was filed and that there was a dispute between the parties as to plaintiff's claim to be entitled to a distribution of 10% of Joseph Rotwein's original one third interest.  The remaining allegations of paragraph 113 are denied.

114.    The allegations of paragraph 114 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

115.    The allegations of paragraph 115 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

116.    No response is required.

117.    The allegations of paragraph 117 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies

same.   In further answer, Frances Rotwein states that the document to which reference is made in this paragraph is the best evidence of what it says and speaks for itself.

118.    The allegations of paragraph 118 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

119.    The allegations of paragraph 119 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

120.    No response is required.

121.    Frances Rotwein denies the allegations of paragraph 121.

122.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 122 and so denies same. In further answer, Frances Rotwein states that the document to which reference is made in this paragraph is the best evidence of what it says and speaks for itself.

123.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 123 and so denies same. In further answer, Frances Rotwein states that the document to which reference is made in this paragraph is the best evidence of what it says and speaks for itself.

124.    The allegations of paragraph 124 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

125.    The allegations of paragraph 125 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

126.    The allegations of paragraph 126 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

127.    The allegations of paragraph 127 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

128.    The allegations of paragraph 128 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

129.    Frances Rotwein admits that at the time of the Complaint the 1500 Building was on the market and was being actively marketed and further admits that there was a dispute between plaintiff and Frances Rotwein with respect to plaintiff's claim to be entitled to a share of the net proceeds from the prospective sale that is reflected in the exchange of letters among counsel to which reference was made in prior paragraphs of the Complaint.  The remaining allegations of paragraph 129 are denied.

130.    The allegations of paragraph 130 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

131.    The allegations of paragraph 131 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

132.    The allegations of paragraph 132 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

133.    The allegations of paragraph 133 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

134.    No response is required.

135.    Frances Rotwein denies the allegations of paragraph 135.

136.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 136 and so denies same.

137.    The allegations of paragraph 137 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

138.    The allegations of paragraph 138 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

139.    The allegations of paragraph 139 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

140.    The allegations of paragraph 140 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

141.    The allegations of paragraph 141 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

142.    No response is required.

143.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 143 and so denies same. In further response, Frances Rotwein states that the documents to which reference is made are the best evidence of what they say and speak for themselves.

144.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 144 and so denies same. In further response, Frances Rotwein states that the documents to which reference is made are the best evidence of what they say and speak for themselves.

145.    Frances Rotwein admits that Joseph Rotwein sent Albert Bell 10% of Rotwein's distributions from the 1500 Building. The remaining allegations of paragraph 145 are denied.

146.    Frances Rotwein denies the allegations of paragraph 146.

147.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 147 and so denies same except that she admits that for over 50 years Joseph Rotwein and Frances Rotwein have accounted to Albert Bell and the Trust for distributions reflecting a 10% share of Joseph Rotwein's one-third interest. In further response, Frances Rotwein states that there was no assignment to repudiate. In further response, Frances Rotwein states that the documents attached to the Complaint are the best evidence of what they say and speak for themselves.

148.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 148 and so denies same.

149.    The allegations of paragraph 149 set forth legal conclusions and legal arguments to which no answer is required. If answer be required, Frances Rotwein denies same.

150.    No response is required.

151.    Frances Rotwein denies the allegations of paragraph 151.

152.    The allegations of paragraph 152 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

153.    Frances Rotwein admits the first sentence of paragraph 153 but denies the remaining allegations of paragraph 153.

154.    Frances Rotwein denies the allegations of paragraph 154.

155.    Frances Rotwein denies the allegations of paragraph 155.

156.    Frances Rotwein denies the allegations of paragraph 156.

157.    Count VII has been dismissed.

158.    Count VII has been dismissed.

159.    Count VII has been dismissed.

160.    Count VII has been dismissed.

161.    Count VII has been dismissed.

162.    Count VIII has been dismissed.

163.    Count VIII has been dismissed.

164.    Count VIII has been dismissed.

165.    Count VIII has been dismissed.

166.    No response required.

167.    The allegations of paragraph 167 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

168.    The allegations of paragraph 168 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same except that she admits that Joseph Rotwein distributed to Albert Bell a 10% share of distributions Joseph Rotwein received from the 1500 Building.

169.    Frances Rotwein denies the allegations of paragraph 169.

170.    The allegations of paragraph 170 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

171.    Frances Rotwein denies the allegations of paragraph 171 except she admits that the Estate has caused distributions to be paid to Albert Bell and the Trust that reflected 10% of the distributions received by Joseph Rotwein.

172.    Frances Rotwein denies the allegations of paragraph 172 except she admits that the she has disputed plaintiff's claimed right to a share of proceeds from the sale of 1500 Building and other assets owned by Joseph Rotwein and the other two original owners, and that she never had physical possession of the original of the assignment document from Joseph Rotwein to Albert Bell.

173.    The allegations of paragraph 173 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

174.    Count X has been dismissed.

175.    Count X has been dismissed.

176.    Count X has been dismissed.

177.    Count X has been dismissed.

178.    Count X has been dismissed.

179.   Count X has been dismissed.

180.   Count X has been dismissed.

181.   Count X has been dismissed.

182.   Count X has been dismissed.

183.   Count X has been dismissed.

184.   Count X has been dismissed.

185.   Count XI has been dismissed.

186.   Count XI has been dismissed.

187.   Count XI has been dismissed.

188.   Count XI has been dismissed.

189.   Count XI has been dismissed.

190.   Count XI has been dismissed.

191.   Count XI has been dismissed.

192.   Count XI has been dismissed.

193.   No response is required.

194.   The allegations of paragraph 194 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

195.   The allegations of paragraph 195 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

196.   Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 196 and so denies same except that she denies that the building has fallen into a state of extreme disrepair.

197.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of paragraph 196 and so denies same.

198.    The allegations of paragraph 198 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

199.    The allegations of paragraph 199 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

200.    No response is required.

201.    The allegations of paragraph 201 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

202.    Frances Rotwein is without sufficient knowledge or information to admit or deny the truth of the allegations of the first sentence of paragraph 202 and so denies same.  The remaining allegations of paragraph 202 are denied.

203.    The allegations of paragraph 203 set forth legal conclusions and legal arguments to which no answer is required.  If answer be required, Frances Rotwein denies same.

204.    Any allegation not specifically admitted herein is hereby denied.

205.    All relief as to which plaintiff claims to be entitled is hereby denied.

WHEREFORE, Defendant Frances Rotwein, having fully answered the allegations of the 205 paragraph Complaint, respectfully requests that the Complaint be dismissed in its entirety and that she be awarded her costs in this matter.

## AFFIRMATIVE DEFENSES

In further response to the allegations of the Complaint, Defendant Frances Rot-wein states as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Dead Man's Statute of the District of Columbia.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds

WHEREFORE, Defendant Frances Rotwein prays that the Complaint be dismissed and that she be awarded her costs in this matter.

## COUNTERCLAIMS

Counter-plaintiff Frances Rotwein ("Frances Rotwein"), by counsel, for her Counterclaims against Counter-defendant Arthur Bell as Trustee for the Albert R. Bell Living Trust ("Bell") hereby alleges as follows:

24

## PARTIES

1.    Counter-plaintiff Francis Rotwein is an individual, residing at 6605 Tulip Hill Terrace, Bethesda, Maryland 20816.

2.    Counter-defendant Arthur Bell is an individual, residing in Highland Park, Illinois and on information and belief at present is the trustee of the Albert R. Bell Living Trust.

## FACTUAL BACKGROUND

3.    Joseph Rotwein purchased a one-third interest as tenant in common in a leasehold estate of the apartment building located at 1500 Massachusetts Avenue, Washington, D.C. (the "1500 Building") in 1956 along with Martin Bell and Lester Abelson.

4.    Joseph Rotwein purchased a fee simple interest in Lot 831, adjacent to the 1500 Building, as a tenant in common with Martin Bell and Lester Abelson in 1980.

5.    Joseph Rotwein, as a tenant in common with the Estate of Martin Bell (or its successor) and Lester Ableson or his successor, purchased a fee simple interest in Lot 832 underlying the 1500 Building in 1990.

6.    These three tenants in common by purchasing the fee interest in Lot 832 thus purchased the landlord's interest under the ground lease, the tenant's interest in same they (or their predecessors) had purchased when they purchased the 1500 Building.

7.    Joseph Rotwein was record owner along with Martin Bell and Lester Abelson as tenant in common in a leasehold (tenant's) estate in the 1500 Building beginning in 1956.

8.      Upon Joseph Rotwein's death in 1991, ownership of the one-third interest as tenant in common in a leasehold estate in the 1500 Building transferred to his estate. Pursuant to Joseph Rotwein's will, his interest as tenant in common in the 1500 Building was to be placed in a testamentary trust for the benefit of his widow, Frances Rotwein.

9.      On or about March 7, 1997, Bell willfully and maliciously filed with the D.C. Recorder of Deeds a unilateral instrument, #15417 (a copy of which is attached as Exhibit 1), in which he falsely claimed fee simple title to the 1500 Building and Lots 831 and 832.

10.     This instrument was incorporated into the record title of the 1500 Building.

11.     Frances Rotwein has had to incur legal fees and other expenses to assure that the Recorder of Deeds filed an appropriate notice on the land records indicating that the instrument was false and had been improperly filed.

12.     The D.C. Recorder of deeds subsequently agreed to tag instrument #15417 as "void and filed in error," effective no later than May 30, 2000, because it contained "unilateral representation of the truth of the matter contained therein affecting interests of parties who were not signatories to the recording were uncorroborated on the public record." A copy of this notice is attached as Exhibit 2.

13.     On or about June 26, 1997, Bell willfully and maliciously filed with the D.C. Recorder of Deeds another unilateral instrument, #43676 (a copy of which is attached as Exhibit 3), in which he again falsely claimed fee simple title to the 1500 Building, and Lots 831 and 832.

14.     As an attachment to Instrument No. 43676 filed June 26, 1997, Bell at-tached as "Exhibit C" thereto, a copy of a purported assignment of interest from Joseph Rotwein to Albert Bell.  (See attached Exhibit 3.)  This "Exhibit C" purports to be a true assignment of an interest by Joseph Rotwein to Albert Bell, however this is a writ-ing that was never delivered to the grantee named therein.  By attaching to his recorded document a copy of this document known to convey no interest in the referenced prop-erty, Bell fraudulently attempted to create a record of ownership where none existed.

15.     This instrument was incorporated into the record title of the 1500 Build-ing.

16.     Frances Rotwein did not discover Instrument No. 43676 until November 21, 2006, when a title search was performed by First American Title Insurance Com-pany in anticipation of sale.

17.     On September 5, 2007 Bell filed this action based on his unfounded claim to a one thirtieth interest in the 1500 Building, seeking, among other things, transfer of title to Bell in a recordable instrument, and 10% of any distribution of proceeds of the sale of the 1500 Building and/or Lot 831 and/or Lot 832.

18.     Contrary to the allegations of Bell, the Joseph Rotwein Estate is the legal owner of the interest in the subject property claimed by Bell, and Frances Rotwein is the beneficial owner thereof.

## COUNT I
### Declaratory Relief

19.     The allegations set forth in paragraphs 1-18 above are incorporated by ref-erence herein.

20.     Bell claims that he owns a one thirtieth interest in the 1500 Building and/or Lot 831, and/or Lot 832, and has brought a lawsuit against Frances Rotwein on this basis.

21.     An actual, present and justiciable controversy has arisen between Frances Rotwein and Bell concerning ownership of the disputed interest in the 1500 Building.

22.     Frances Rotwein seeks declaratory judgment from this Court that 1) the Joseph Rotwein Estate is the legal owner of the interest in the property claimed by Bell and that Frances Rotwein is the beneficial owner thereof, and 2) Bell is not entitled to share in the proceeds of sale when the subject property is sold.

Wherefore, Counter-plaintiff Frances Rotwein respectfully requests that the following relief be granted:

A.     Enter judgment granting the declaratory relief sought;

B.     Award Counter-plaintiff Frances Rotwein her costs and attorneys' fees in this action; and

C.     Such other and further relief as may be just and necessary.

## COUNT II
### Quiet Title

23.     The allegations set forth in paragraphs 1-22 above are incorporated by reference herein.

24.     Frances Rotwein owns in fee simple the 10% interest in the 1500 Building and Lots 831 and 832 that Bell claims to own.

25.     Bell holds no fee simple interest in the 1500 Building or in Lots 831 and 832.

26.      Bell has clouded Frances Rotwein's title to the 1500 Building and to Lots 831 and 832.

Wherefore, Counter-plaintiff Frances Rotwein respectfully requests that the following relief be granted:

A.      That a judgment and decree be entered quieting title to a one-third interest in the 1500 Building and to Lots 831 and 832 in Frances Rotwein;

B.      That the Court enter a declaratory judgment and decree that Bell has no ownership interest to the 1500 Building or in Lots 831 and 832;

C.      Award Counter-plaintiff Frances Rotwein her costs and attorneys' fees in this action; and

D.      Such other and further relief as may be just and necessary.

### COUNT III
**Slander of Title**

27.      The allegations set forth in paragraphs 1-26 above are incorporated by reference herein.

28.      Bell maliciously published and recorded instruments containing false statements.

29.      Bell intentionally published the statements in bad faith and with knowledge of their falsity.

30.      By publishing and recording the false statements, Bell diminished the value of the 1500 Building and Lots 831 and 832 in the eyes of third parties.

31.    Bell's instruments remain on record and therefore his false statements con-
tinue to slander the title of, and Frances Rotwein's interest in, the 1500 Building, and
Lots 831 and 832.

32.    As a direct and proximate result of Bell's actions, Frances Rotwein has
suffered and continues to suffer damages, including attorneys' fees and costs incurred in
her efforts to clear the slander of title, and diminution in the value of her interest in the
Property.

Wherefore, Counter-plaintiff Frances Rotwein respectfully requests that
the following relief be granted:

A.    Actual damages in favor of Counter-plaintiff Frances Rotwein and against
Counter-defendant Bell, as appropriate, in an amount to be determined at trial;

B.    Award Counter-Plaintiff Frances Rotwein her costs and attorneys' fees in
this action; and

C.    Such other and further relief as may be just and necessary.

Dated: March 19, 2008                         Respectfully submitted,

Richard T. Rossier, DC Bar # 334649
Alex Menendez, DC Bar # 470475
MCLEOD, WATKINSON & MILLER
One Massachusetts Ave., N.W., Suite 800
Washington, D.C. 20001
Telephone: (202) 842-2345
Facsimile: (202) 408-7763

Eric Von Salzen, DC Bar #13482
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109

Telephone: (202) 637-5718
Facsimile: (202) 637-5910

Arthur F. Konopka, D.C. Bar # 073593
4530 Wisconsin Ave., N.W., Suite 200
Washington, D.C. 20016
Telephone: (202) 686-0600
Facsimile: (202) 686-0896

Counsel for Defendant Frances Rotwein

### JURY DEMAND

Defendant/Counter-plaintiff Frances Rotwein hereby demands a jury trial of all

claims in this matter (the complaint and all counterclaims) that may be tried to a jury.


Dated: March 17, 2008                        Respectfully submitted,

Richard T. Rossier, DC Bar # 334649
Counsel for Defendant Frances Rotwein

# **EXHIBIT 1**

0107900C844

15417
3.7.97

9700015417 #1

Prepared by and after
recording return to:

Margaret Pasulka
Lord, Bissell and Brook
115 South LaSalle Street
Suite 3400
Chicago, Illinois 60603

## AFFIDAVIT OF ALBERT R. BELL

I, Albert R. Bell, being duly sworn under oath, state as follows:

1.     Under an Indenture of Lease, dated June 20, 1950, and recorded as Instrument No. 24777 in Liber 9232 at folio 3, and later amended by an Amendment to Indenture of Lease, dated March 28, 1956, and recorded as Instrument No. 10350 in Liber 10627 at folio 541, and further amended by a second Amendment to Indenture of Lease, dated October 15, 1956, and recorded as Instrument No. 34953 in Liber 10746 at folio 181, Electrical Workers' Benefit Association ("Association"), as Lessor, conveyed to 1500 Mass. Ave., Inc., as Lessee, a certain leasehold estate in Lot 822 in Square 196 in the District of Columbia, and commonly known as 1500 Massachusetts Avenue Apartments (the "Leasehold Estate").

2.     Under an Assignment of Leasehold, dated March 27, 1956, 1500 Mass. Ave., Inc. conveyed an undivided one-third (1/3) interest in the Leasehold Estate to each of the following:  Joseph Rotwein, Martin W. Bell, and Lester S. Abelson (collectively, Joseph Rotwein, Martin W. Bell and Lester S. Abelson are hereinafter referred to as the "Original Owners").

3.     Under an Assignment of Leasehold, also dated March 27, 1956, and for consideration of $20,000.00, Joseph Rotwein assigned to me ten percent (10%) of his undivided one-third (1/3) interest in the Leasehold Estate, together with all improvements, rights, privileges and appurtenances.  A copy of said Assignment of Leasehold is attached hereto as Exhibit A ("Exhibit A").  The assignor has acknowledged that he holds the original Assignment of Leasehold.

1

01079000844

4.    On June 30, 1980, the Original Owners of the Leasehold Estate acquired, by purchase, fee simple title to an adjacent piece of property, Lot 831, pursuant to the exercise of an option contained in the Lease Agreement dated August 12, 1970, under which Lot 831 had been leased by the Original Owners.

5.    On January 31, 1990, Joseph Rotwein, The Estate of Martin W. Bell, and the Charitable Trust Created by Amendment No. 7, dated November 12, 1982, to the Helen England Trust No. 1, purchased from the Association the ground underlying the Leasehold Estate, acquiring, as tenants-in-common, fee simple title to the property (the "Property"), legally described on attached Exhibit B ("Exhibit B"). Such purchase was secured by a Deed of Trust, dated January 31, 1990, and recorded as Instrument No. 6335, executed in favor of the Association.

6.    Since 1956, I have received distributions in such amounts proportionate to my unrecorded ownership interest in ten percent (10%) of the one-third (1/3) interest attributable to Joseph Rotwein for both (i) the Property (formerly the Leasehold Estate) and (ii) Lot 831.

7.    As of the date of this Affidavit, fee simple title in the Property is held by Frances Rotwein and Security Trust Company, N.A., Personal Representatives of the Estate of Joseph Rotwein, who died on or about June 2, 1992, Foreign Administration No. 93-59F, The Estate of Martin W. Bell, and the Charitable Trust Created by Amendment No. 7, dated November 12, 1982, to the Helen England Trust No. 1, as to an undivided one-third (1/3) interest each, all as tenants in common.

8.    As of the date of this Affidavit, I continue to hold, and receive distributions upon, an unrecorded ten percent (10%) ownership interest in the one-third (1/3) undivided interest held by Frances Rotwein and Security Trust Company, N.A., Personal Representatives of the Estate of Joseph Rotwein, who died on or about June 2, 1992, Foreign Administration No. 93-59F, in the Property and Lot 831.

9.    This Affidavit is made for the purpose of putting all third parties on notice of my unrecorded ownership interest in the Property and Lot 831, and all rights of ownership thereto, including but not limited to the collection of the rentals therefrom.

FURTHER AFFIANT SAYETH NOT.

_Albert R Bell_
Albert R. Bell

2

01079000844

State of _ILLINOIS_

County of _Cook_

I, _N. ARTHUR RUBINOFF_, a notary public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that Albert R. Bell, personally known to me to be the same person whose name subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and official seal, this _6_ day of February, 1997.

_____
Notary Public

```
"OFFICIAL SEAL"
N. ARTHUR RUBINOFF
Notary Public, State of Illinois
My Commission Expires 01/16/01
```

3

01079000844

Exhibit B

**LEGAL DESCRIPTION:**

All of that certain piece or parcel of land situated, lying and being in the District of Columbia, and being more particularly described as follows:

Part of Lot 36 in the combination of lots and Alley Closed, in Square 916, made by The Electrical Workers' Benefit Association, as per plat recorded in Liber No. 153 at folio 130, of the Records of the Office of the Surveyor of the District of Columbia.

Beginning for the same at the intersection of the Southerly line of Massachusetts Avenue with the West line of 15th Street, said point being also the Northeasterly corner of said Lot 36; and running thence South along said West line of 15th Street, 81 feet to the Southeast corner of former Original Lot 16 in Square 196; thence West along the South line of said Lot 16, 120 feet to the Southerly corner of said Lot 16, being also the Northeasterly corner of a Public Alley, 30 feet wide; thence along the Northerly line of said alley and the Southerly line of said Lot 36, and parallel with the said Southerly line of Massachusetts Avenue, North 66 degrees 02' 50" West, 223.22 feet to a West line of said Lot 36; thence North along said West line, 31.34 feet; thence West 100 feet to the East line of 16th Street; thence North along said East line of 16th Street, 120 feet to the Northwesterly corner of said Lot 36; thence along the Northerly line of said Lot 36, the two following courses and distance 1) East 61.58 feet to an angle, thence 2) South 66 degrees 02' 50" East, 396.57 feet to the place of beginning.

**NOTE:**      At the date hereof the above described property is designated on the Records of the Assessor for the District of Columbia for assessment and taxation purposes as Lot numbered Eight Hundred Thirty-two (832) in Square numbered One Hundred Ninety-six (196).

4

9T000I5417

STATE-7 03:12:27

01-07 (FRI) 1:29 PM
#    970001S417
1275CHA      25.00
TOTAL     255.00

PURCHASE          1     CHARGE
EOI # 0 R3#05

25.00

# **EXHIBIT 2**

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Chief Financial Officer**
**Office of Tax and Revenue**

★ ★ ★



COPY

Margaret Pasulka
Lord, Bissell and Brook
115 South LaSalle Street
Suite 3400
Chicago, Illinois 60003

Dear Mrs Pasulka,

On or about March 07, 1997, a document known as instrument #15417 was accepted for recording in this jurisdiction. This document was accepted and recorded in error because this unilateral representation of the truth of the matter contained therein affecting interests of parties who were not signatories to the recording were uncorroborated on the public record.

Therefore, please be advised that the document recorded on March 07, 1997 known as instrument #15417 will be tagged as "void and filed in error" effective no later than May 30th, 2000.

Thanking you in advance for your patience. I may be reached on (202)727-0418.

Sincerely,

Henry M Terrell
Recorder of Deeds

# EXHIBIT 3

01097001015    43676
6.26.97

Prepared by and after
recording return to:

Margaret Pasulka
Lord, Bissell and Brook
115 South LaSalle Street
Suite 3400
Chicago, Illinois 60603

## RESTATEMENT OF AFFIDAVIT OF ALBERT R. BELL

I, Albert R. Bell, being duly sworn under oath, state as follows:

1.       Under an Indenture of Lease, dated May 20, 1950 and recorded June 20, 1950, as Instrument No. 24777 in Liber 9232 at folio 3, and later amended by an Amendment to Indenture of Lease, dated March 27, 1956, as Instrument No. 10350 in Liber 10627 at folio 541, Electrical Workers' Benefit Association ("Association"), as Lessor, conveyed to 1500 Mass. Ave., Inc., as Lessee, a certain leasehold estate in property which was then legally described as set forth on attached Exhibit A ("Exhibit A") and which is now legally described as set forth on attached Exhibit B ("Exhibit B") (the "Property"), and commonly known as 1500 Massachusetts Avenue Apartments (which Leasehold Estate created by said Indenture of Lease, the Amendment to Indenture of Lease and any further amendments is hereinafter referred to as the "Leasehold Estate").

2.       Under an Assignment of Leasehold, dated March 27, 1956, and recorded May 9, 1956 as Instrument No. 15928 in Liber 10654 at folio 551, 1500 Mass. Ave., Inc. assigned an undivided one-third (1/3) interest in the Leasehold Estate to each of the following:  Joseph Rotwein, Martin W. Bell, and Lester S. Abelson (collectively, Joseph Rotwein, Martin W. Bell and Lester S. Abelson are hereinafter referred to as the "Original Owners").

3.       Under an Assignment of Leasehold, also dated March 27, 1956, and for consideration of $20,000.00, Joseph Rotwein assigned to me ten percent (10%) of his undivided one-third (1/3) interest in the Leasehold Estate, together with all improvements, rights, privileges and appurtenances.  A copy of said Assignment of Leasehold is attached hereto as Exhibit C ("Exhibit C").  The assignor has acknowledged that he holds the original Assignment of Leasehold.

0109700105

4.    The Original Owners entered into a second Amendment to Indenture of Lease with the Association dated June 1, 1956 and recorded October 15, 1956, as Instrument No. 34953 in Liber 10746 at folio 181.  Subsequently, the Association and Original Owners entered into an Indenture of Lease dated August 12, 1970, and also executed a Memorandum of Lease Agreement dated August 12, 1970 which Memorandum of Lease Agreement was recorded November 10, 1970 as Instrument No. 20622, and which, inter alia, states that said Indenture of Lease is for certain parcels of land which, together with the land which was the subject of the Leasehold Estate, is now designated on the records of the Office of Surveyor for the District of Columbia as Lot 36 in Square 196, as set forth on plat recorded in Book 153, Page 30, in said Surveyor's Office.

5.    On or about June 30, 1980, the Original Owners of the Leasehold Estate acquired, by purchase, fee simple title to an adjacent piece of property, Lot 831, pursuant to the exercise of an option which is believed to be contained in the Indenture of Lease dated August 12, 1970, under which it is believed Lot 831 had been leased by the Original Owners.

6.    On January 31, 1990. Joseph Rotwein, The Estate of Martin W. Bell, and the Charitable Trust Created by Amendment No. 7, dated November 12, 1982, to the Helen England Trust No. 1, purchased from the Association the real property described in Exhibit B, acquiring by Special Warranty Deed dated January 31, 19990, and recorded January 31, 1990 as Instrument No. 6344, as tenants-in-common, fee simple title to the Property and by Absolute Assignment of Lease (Lessor's Interest), dated January 31, 1990, and recorded January 31, 1990 as Instrument No. 6336, obtained an assignment of the Association's interest in the Leasehold Estate.  Such purchase was secured by a Deed of Trust, dated January 31, 1990, and recorded as Instrument No. 6335, executed in favor of the Association.

7.    Since 1956, I have received distributions in such amounts proportionate to my unrecorded ownership interest in ten percent (10%) of the one-third (1/3) undivided interest attributable to Joseph Rotwein in (i) the Leasehold Estate and the Property; and (ii) Lot 831.

8.    As of the date of this Restatement of Affidavit, fee simple title in the Property and Lot 831 and ownership of the Leasehold Estate is held by Frances Rotwein and Security Trust Company, N.A., Personal Representatives of the Estate of Joseph Rotwein, who died on or about June 2, 1992, Foreign Administration No. 93-59F, The Estate of Martin W. Bell, and the Charitable Trust Created by Amendment No. 7, dated November 12, 1982, to the Helen England Trust No. 1, as to an undivided one-third (1/3) interest each, all as tenants in common.

9.    As of the date of this Restatement of Affidavit, I continue to own, and receive distributions in such amounts proportionate to my unrecorded ownership interest in ten percent (10%) of the one-third (1/3) undivided interest held by Frances Rotwein and Security Trust Company, N.A., Personal Representatives of the Estate of Joseph Rotwein, who died on or about June 2, 1992, Foreign Administration No. 93-59F, in (i) the Leasehold Estate and the Property and (ii) Lot 831.

2

01097001015

10.    This Restatement of Affidavit is made for the purpose of putting all third parties on notice of my unrecorded ownership interest in the Leasehold Estate, the Property and Lot 831, and all rights of ownership thereto, including but not limited to the collection of the rentals therefrom.

**FURTHER AFFIANT SAYETH NOT.**

*Albert R Bell*

Albert R. Bell

State of *Illinois*

County of *Lake*

I, *Nancy L. Krohn*, a notary public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that Albert R. Bell, personally known to me to be the same person whose name subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and official seal, this *2* day of ~~May~~ *June*, 1997.

*Nancy L. Krohn*

Notary Public

```
OFFICIAL SEAL
NANCY L KROHN
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. SEPT. 23, 1999
```

3

01097001015

EXHIBIT "A"

All of Original Lots 11, 12, 13, 14, 15 and 16 in Square 196, ALSO that part
of a fifteen (15) foot wide alley lying between said Lots 13 and 14 closed by
Agreement between the Trustees of the Louise Home and the District of Columbia
dated September 6, 1876, and recorded in Liber No. 831, folio 304, among the
Land Records of the District of Columbia.

NOTE:  At the date hereof the above described land is designated on the Records
of the Assessor of the District of Columbia, for taxation purposes as Lot 820
in Square 196.

0109001005

## EXHIBIT B

All of that certain place or parcel of land situated, lying and being in the District of Columbia, and being more particularly described as follows:

Part of Lot 35 in the combination of lots and Alley Closed, in Square 196, made by The Electrical Workers' Benefit Association, as per plat recorded in Liber No. 153 at folio 130, of the Records of the Office of the Surveyor of the District of Columbia.

Beginning for the same at the intersection of the Southerly line of Massachusetts Avenue with the West line of 15th Street, said point being also the Northeasterly corner of said Lot 35; and running thence South along said West line of 15th Street, 81 feet to the Southeast corner of former Original Lot 16 in Square 196; thence West along the South line of said Lot 16, 120 feet to the Southwesterly corner of said Lot 16, being also the Northeasterly corner of a Public Alley, 30 feet wide; thence along the Northerly line of said alley and the Southerly line of said Lot 36, and parallel with the said Southerly line of Massachusetts Avenue, North 68 degrees 02' 50" West, 223.22 feet to a West line of said Lot 35; thence North along said West line, 31.34 feet; thence West 100 feet to the East line of 16th Street; thence North along said East line of 16th Street, 120 feet to the Northwesterly corner of said Lot 35; thence along the Northerly line of said Lot 35, the two following courses and distances 1)  East 61.58 feet to an angle, thence  2)  South 68 degrees 02' 50" East, 396.57 feet to the place of beginning.

NOTE:  At the date hereof the above described property is designated on the Records of the Assessor for the District of Columbia for assessment and taxation purposes as Lot numbered Eight Hundred Thirty-two (832) in Square numbered One Hundred Ninety-six (196).

## EXHIBIT C

## ASSIGNMENT OF LEASEHOLD

KNOW ALL MEN BY THESE PRESENTS, that by Indenture of Lease dated June 20, 1950, as amended, Electrical Workers' Benefit Association conveyed to 1500 Mass. Ave., Inc., a certain leasehold estate, as therein fully and completely described, in what is commonly known as Lot 820 in Square 196 in the District of Columbia.  By Assignment of Leasehold, dated March 27, 1956, from 1500 Mass. Ave., Inc. to Joseph Rotwein and others, Joseph Rotwein was conveyed, has taken title to, and owns, as tenant-in-common, an undivided one-third interest in said leasehold estate.

In consideration of the sum of Twenty Thousand Dollars ($20,000.00) in hand paid, and other good and valuable considerations, receipt of which is hereby acknowledged, Joseph Rotwein hereby conveys, assigns, transfers, sets over and delivers unto ALBERT R. BELL, Assignee, an undivided one-thirtieth (1/30) interest (or ten per cent (10%) of his undivided one-third interest) in said leasehold estate, such Assignee to hold his interest as tenant-in-common with Joseph Rotwein and any other co-tenants now holding or hereafter acquiring any interest in said leasehold estate.

TO HAVE AND TO HOLD unto the Assignee herein, his successors and assigns forever, the above-described one-thirtieth interest in said leasehold estate together with all and singular improvements, rights, privileges and appurtenances in any wise thereunto belonging.

IN WITNESS WHEREOF, on this 27th day of March, 1956, Joseph Rotwein has signed and sealed this ASSIGNMENT.

_____ (L.S.)
Joseph Rotwein

