IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR BELL, as Trustee of the ) <br> Albert R. Bell Living Trust ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> FRANCES ROTWEIN, and Bank of America ) <br>     Defendants ) | Case No. 1:07-CV-10578 <br> Judge: Huvelle, Ellen S. <br> Deck Type:  General Civil |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT FRANCES ROTWEIN'S  COUNTERCLAIM**

Plaintiff, Arthur Bell, as Trustee of the Albert R. Bell Living Trust (hereafter "Bell") hereby responds to the Affirmative Defenses and Counterclaim of Frances Rotwein with this Answer and Affirmative Defenses set forth below.

**PARTIES**

1.   Bell admits the allegations of paragraph 1.

2.   Bell admits the allegations of paragraph 2.

**FACTUAL BACKGROUND**

3.   Bell admits the allegations in paragraph 3.  Bell states that as of March 27, 1956, Joseph Rotwein had insufficient funds to complete his part of the purchase of the leasehold from the then-holder of the leasehold estate, 1500 Mass. Ave., Inc. Therefore, Joseph Rotwein offered Albert R. Bell one tenth of the one third interest he was purchasing in exchange for the sum of $20,000.  Albert Bell accepted Rotwein's offer and paid Rotwein $20,000, receiving in exchange an assignment of one tenth of Rotwein's one third interest.  Rotwein also assigned for $20,000 another one tenth of his one third interest to Robert Mayer.  Martin Bell also made similar

assignments, assigning a total of 14% of his one-third interest to individuals.

4.	Bell states on June 30, 1980, the 1500 Building, which was operated as a real estate syndicate (hereafter, the "Syndicate"), exercised an option to acquire fee ownership of Lot 831 that it had purchased in 1968 with funds of which $2,500 (one-thirtieth of the purchase price) had been furnished by Albert Bell. Having furnished one-thirtieth of the interest of the purchase price for Lot 831, Albert Bell was the true owner of his one thirtieth interest of Lot 831. Except as admitted, denied.

5.	Bell states that on January 31, 1990, using Syndicate funds in which Albert Bell had a 1/30 interest, the Syndicate purchased a fee simple interest in Lot 832 underlying the 1500 Building. The transaction was structured such that the leasehold and fee titles were not merged, and a deed was executed effecting the change. (Bell refers Defendant Rotwein to, and fully incorporates herein, Ex. H to the Complaint). The effect of the Owner's deed to "lessees" was to recognize Albert Bell, Robert Mayer, and all of the other owners, whether by the original leases or by subsequent assignment, as equitable owners of the fee, each to his, her, or its percentage share. Title was placed in Rotwein and the other persons described in the allegation but only in trust for Bell and other assignees and the Syndicate. Except as admitted, denied.

6.	To the extent the allegations challenge Bell's equitable right to ownership of 1/30 of the whole, they are denied.

7.	Bell admits the allegations in paragraph 7 as to record title only. Except as admitted, denied.

8.	Bell denies the allegations contained in the first sentence of paragraph 8. Bell does not

have sufficient information to admit or deny the allegations contained in the second sentence of paragraph 8, and demands strict proof thereof.

9.      Bell admits only that to protect his estate plan and to memorialize his interest, Albert Bell filed the affidavit described. Further responding, Bell refers plaintiffs to, and fully incorporates herein, ¶¶ 71-72 of the Complaint and Exhibit M to the Complaint. Except as admitted, denied.

10.     Bell admits the allegations contained in paragraph 10.

11.     Bell does not have sufficient information to admit or deny the allegations contained in paragraph 11, and demands strict proof thereof.

12.     Bell admits that a document that purports to be a letter from the Recorder of Deeds of the District of Columbia to Margaret Pasulka discussing a "document known as instrument # 15417" is attached to the Counterclaim as Exhibit 2. Bell does not have sufficient information to admit or deny the remaining allegations contained in paragraph 12, and demands strict proof thereof.

13.     Bell admits that a document that purports to be a copy of a document entitled "Restatement of Affidavit of Albert R. Bell," document #43676, is attached as Exhibit 3. Further responding, Bell refers plaintiffs to, and fully incorporates herein, ¶¶ 71-72 of the Complaint and Exhibit M to the Complaint. Except as admitted, denied.

14.     Bell states that Exhibit 3 to the Counterclaim is a copy of a true assignment of an interest by Joseph Rotwein to Albert Bell, that was delivered to Martin Bell as agent of Albert Bell. Bell also refers Defendant to, and fully incorporates herein, ¶¶ 19-20 of the Complaint and Exhibit A to the Complaint. Except as admitted, denied.

15. Bell does not have sufficient information to admit or deny the allegations contained in paragraph 15, and demands strict proof thereof.

16. Bell does not have sufficient information to admit or deny the allegations contained in paragraph 16, and demands strict proof thereof.

17. Bell states that Bell filed this action on September 5, 2007 based on his rightful ownership interest in the 1500 Building, seeking, among other things, transfer of title to his one-thirtieth interest in a recordable instrument, and 10% of any distribution of the proceeds of sale of the 1500 Building and/or Lot 831 and/or Lot 832. Except as admitted, denied.

18. Bell denies the allegations of paragraph 18, except as to record title. The true owner is Bell.

## COUNT I

### Declaratory Relief

19. Bell realleges his answers to paragraphs 1-18 above as his answer to paragraph 19.

20. Bell admits the allegations of paragraph 20.

21. Bell admits the allegations of paragraph 21.

22. Bell states paragraph 22 does not require a response, but that it seeks a declaratory judgment contrary to law and equity.

Wherefore, Plaintiff Bell respectfully requests that the following relief be granted:

    A. Enter judgment in favor of Bell and against Frances Rotwein on Plaintiff's Complaint;

    B.    Dismiss Defendant Rotwein's Affirmative Defenses and Counterclaims;

    C.    Award Bell his costs and attorneys' fees in this action; and

    D.    Such other and further relief as may be just and necessary.

## COUNT II
### Quiet Title

23. Bell realleges his answers to paragraphs 1-22 above as his answer to paragraph 23.

24. Bell denies the allegations in paragraph 24.

25. Bell answers that he owns the right to a fee ownership, which has been denied him by Rotwein's concealment or destruction of the assignment so that record title could not be corrected to show Bell's interest. Except as admitted, denied.

26. Bell denies the allegations in paragraph 26.

Wherefore, Plaintiff Bell respectfully requests that the following relief be granted:

    A.    Enter judgment in favor of Bell and against Frances Rotwein on Plaintiff's Complaint;

    B.    Dismiss Defendant Rotwein's Affirmative Defenses and Counterclaims;

    C.    Award Bell his costs and attorneys' fees in this action; and

    D.    Such other and further relief as may be just and necessary.

## COUNT III
### Slander of Title

27. Bell realleges his answers to paragraphs 1-26 above as his answer to paragraph 27.

28. Bell denies the allegations in paragraph 28.

29. Bell denies the allegations in paragraph 29.

30. Bell denies the allegations in paragraph 30.

31. Bell denies the allegations in paragraph 31.

32. Bell denies the allegations in paragraph 32.

Wherefore, Plaintiff Bell respectfully requests that the following relief be granted:

    A. Enter judgment in favor of Bell and against Frances Rotwein on Plaintiff's Complaint;

    B. Dismiss Defendant Rotwein's Affirmative Defenses and Counterclaims;

    C. Award Bell his costs and attorneys' fees in this action; and

    D. Such other and further relief as may be just and necessary.

## BELL'S AFFIRMATIVE DEFENSES

1. Defendant Rotwein's Counterclaim fails to state claims upon which relief may be granted.

2. Defendant Rotwein's Counterclaim is groundless, unreasonable and frivolous and without any factual basis.

3. Defendant Rotwein's Counterclaim is barred by unclean hands.

4. Defendant Rotwein's Counterclaim is barred by laches.

5. Defendant Rotwein's Counterclaim is barred by waiver, ratification, consent and estoppel.

6. Defendant Rotwein's Counterclaim is barred by Defendant Rotwein's failure to

mitigate her damages.

7. Defendant Rotwein's Counterclaim is barred by the applicable statute of limitations.

8. Arthur Bell filed both the "Affidavit of Albert B. Bell" (a copy of which is attached to the Counterclaim as Exhibit 2) and the "Restatement of Affidavit of Albert R. Bell" (a copy of which is attached to the Counterclaim as Exhibit 3) on information and the belief that he had superior claim to title of the ten percent of Joseph Rotwein's undivided one-third interest in the property described therein.

9. Plaintiff hereby reserves any and all rights he may have to raise additional defenses learned through discovery.

Respectfully submitted,

**ARTHUR BELL, as Trustee of the ALBERT R. BELL LIVING TRUST**

By: _____/s/ Alan S. Feld_____
    One of his Attorneys

Alan S. Feld
BULMAN, DUNIE, BURKE
& FELD, CHTD.
4610 Elm St.
Bethesda, MD  20815
(301) 656-1177

John H. Ward
Autumn L. Sharp
MUCH SHELIST DENENBERG
AMENT & RUBENSTEIN, P.C.
191 N. Wacker Dr., Suite 1800
Chicago, IL  60606-1615
(312) 521-2000

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Plaintiff's Answer and Affirmative Defenses to Defendant Frances Rotwein's Counterclaim was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients this eighth day of April, 2008:

Richard T. Rossier
Alex Menendez
MCLEOD, WATKINSON & MILLER
One Massachusetts Avenue, NW
Suite 800
Washington, DC  20001-1401
(202) 842-2345
(202) 408-7763 (fax)

Eric Von Salzen
HOGAN & HARTSON LLP
555 13th Street, N.W.
Washington, D.C.  20004-1109
(202) 637-5600
(202) 637-5910 (fax)

Arthur F. Konopka
4530 Wisconsin Avenue, N.W.
Suite 200
Washington, D.C.  20016
(202) 686-0600
(202) 686-0896 (fax)

Paul A. Kaplan
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
1401 Eye Street, NW
Suite 700
Washington, DC  20005
(202) 857-4400
(202) 261-0058 (fax)

                                                          /s/ Alan S. Feld
                                                          Alan S. Feld  #172858